[No. 2856. Decided June 7, 1898.]

TOWNSEND GAS AND ELECTRIC COMPANY, *Respondent,*

v. CITY OF PORT TOWNSEND, *Appellant.*

MUNICIPAL CORPORATIONS — CHARTER POWERS AND RESTRICTIONS — STREET LIGHTING CONTRACTS.

Where a city is given power by its charter, without restriction, to provide for lighting the streets and furnishing the city with lights, a further provision of the charter fixing a method of levying an annual tax to pay for the same must be construed as an enlargement of the right of the city to provide funds therefor and not as a restriction upon the power conferred, which would confine the city's lighting contracts to annual periods.

Appeal from Superior Court, Jefferson County.—Hon. J. G. McCLINTON, Judge. Affirmed.

*S. A. Plumley,* for appellant.

*Harry Ballinger,* and *Robert W. Jennings,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 15th day of February, 1893, the respondent entered into a contract with the city of Port Townsend, a municipal corporation, created and existing under an act of the legislative assembly of the territory of Washington, for the lighting of the streets of said city with electric lights for the period of five years. The payments were made according to contract for two years,· since which time no payments have been made, and this

action was brought to enforce the same. A demurrer was interposed to the complaint, which was overruled, and the appellant, standing on its demurrer, brings the case to this court.

It is contended by the appellant that the action of the city authorities was *ultra vires* by reason of § 6 of the charter of Port Townsend. Said section is as follows:

" The city of Port Townsend has power to provide for the lighting of the streets and furnishing the city with gas or lights, and for the erection and construction of such works as may be necessary or convenient therefor; and has power to levy and collect for these objects a special tax not exceeding one-fifth of one per centum per annum upon the taxable property within the limits of the benefits of such lights, which limits shall be fixed by the city council each year before levying any tax authorized by this section, and all such taxes shall only be assessed upon and collected from property within said limits."

It is contended by the appellant that the charter provisions set forth above constituted the only authority vested in the city council to provide for lighting the streets, and that that portion of § 6 of the charter providing that the city council should each year fix the limits of the benefits of lights, creating a light district within which a special tax shall be levied for such purpose, and the further provision in § 107, providing for a vote of the people, constitute a limitation of the power granted by the first portion of § 6.

The contention of the respondent is two-fold: First, that the power to provide for the lighting of its streets is expressly conferred upon the city, and that the latter part of the section is an enlargement of the right of the city to provide funds therefor and not a restriction upon the power conferred; and, second, that if it were held that the clause cited is restrictive, it is not a restriction upon the

power to contract for street lighting, but only on the manner of providing for the payment of the sums payable under the contract. It is further contended that the city having made a contract and having received the benefit of that contract, it will not now be heard to say that it had no power to enter into such contract in the particular way in which it did.

It is not necessary to pass upon this last proposition, as an investigation of all the charter provisions of the city of Port Townsend, found on page 115 and following pages of the laws of 1881, convinces us that the latter part of § 6 is not a restriction upon the right of the city to contract for lighting the streets, but is simply an addition to the general powers given, or rather a way pointed out for paying for the lighting of the streets which the city may avail itself of, if it sees fit. The provisions in this section are very much of the character of the provisions in the other sections. For instance, in § 7 the power is given to the city, among other things, to provide for constructing sewers and cleaning and repairing the same, and then follows the power to assess taxes in a certain prescribed way for the payment of the construction of sewers, etc. The power to construct sewers and to keep them in repair is certainly an inherent power in the city and therefore a power which the city would have the right to exercise in the absence of a charter declaration; and it certainly was not the intention of the charter to abridge this right or to make it depend absolutely upon the provisions following for the collection of taxes.

This case falls squarely within the rule announced in *Portland Lumbering & Manufacturing Co. v. East Portland*, 18 Ore. 21, which was favorably commented upon by this court in *Soule v. Seattle*, 6 Wash. 315. The provisions of the charter of East Portland were almost synon-

ymous, so far as the principles involved are concerned, with the provisions in the charter of Port Townsend. In that case the court in its opinion said:

"The power and duty is enjoined upon the common council of the city to improve the streets and to keep them in a suitable state of repair. Permission is given to levy the cost of such improvement on the adjacent property, but it is nowhere declared in the charter that it must do it in that way, or that it is precluded from doing it in any other."

And so in this case. Permission being given in unequivocal terms to the city to provide for the lighting of the streets, and no restrictive language being used concerning the payment for such services, we think the latter part of the provision in relation to the special tax must be construed to be permissive only.

The judgment will therefore be affirmed.

SCOTT, C. J., and GORDON, ANDERS and REAVIS, JJ., concur.