[No. 3223.    Decided April 6, 1901.]

TOWNSEND GAS AND ELECTRIC LIGHT COMPANY, *Respondent*, v. D. H. HILL, *as Mayor, et al., Appellants.*

| 24 | 469 |
| e31 | 541 |
| 24 | 469 |
| 33 | 194 |
| 24 | 469 |
| e34 | 641 |
| 34 | 642 |

APPEAL — RECORD — IDENTIFICATION WITHOUT JUDGE'S CERTIFICATE.

An agreed statement of facts upon which a cause had been tried will not be stricken on appeal for want of the trial judge's certificate, when it is sufficiently identified by the court's findings and by the accompanying record.

SAME — ERRONEOUS FINDINGS — HARMLESS ERROR.

An erroneous finding of fact by a court, which does not materially affect the merits of the controversy, does not constitute prejudicial error.

APPEAL BOND — WHEN NOT REQUIRED OF PUBLIC OFFICERS.

Public officers need not furnish an appeal bond, when they appeal in behalf of public corporations which by law are exempted from the necessity of furnishing such a bond.

MUNICIPAL CORPORATIONS — CONTRACTS — WHETHER PAYABLE OUT OF INDEBTEDNESS OR CURRENT EXPENSE FUND — CONSTRUCTION OF STATUTE.

Under Laws 1897, p. 222, requiring cities of less than 20,000 inhabitants to maintain a "current expense fund," corresponding to what had theretofore been known as the "general fund," and an "indebtedness fund" against which should be chargeable "all outstanding warrants, certificates and all other obligations

and indebtedness of the city, for the payment of which no provision is made by law," the indebtedness described as "all other obligations and indebtedness" must be construed as limited to the same class as the particular words which precede, and hence where plaintiff had a claim creating a general liability of the city, but the amount of which was not finally fixed and ascertained at the date of the creation by law of the indebtedness fund, plaintiff could compel by writ of mandate the issuance to it of warrants upon the current expense fund in payment of the indebtedness due it.

Appeal from Superior Court, Jefferson County.—Hon. FRANK T. REID, Judge. Affirmed.

*A. W. Buddress,* for appellants.

*Harry Ballinger,* for respondent.

PER CURIAM.—This action was begun by the respondent in the superior court of Jefferson county, for the purpose of procuring a writ of mandate against the appellants, as the mayor and clerk, respectively, of the city of Port Townsend, requiring them to issue to the respondent warrants drawn upon the current expense fund of said city to pay the balance due respondent from the city on a judgment, and also a claim subsequently allowed by the city council, all of which was for street lights furnished under a contract between respondent and said city. The court granted a peremptory writ of mandamus, and from such judgment the defendants have appealed to this court.

The case was heard below upon an agreed statement of facts, and without the introduction of any evidence other than that shown in such agreed statement. Respondent has moved to strike such statement on the ground that it is not certified by the judge who tried the cause, but we think it is sufficiently identified by the court's findings and by the accompanying record to warrant us in denying the motion.

Respondent's motion to dismiss the appeal for want of

an appeal bond is also denied, as we believe the better reason lies in favor of the rule that public officers appealing in behalf of political corporations exempted by law need not furnish an appeal bond. The action is brought against the appellants as officers of the city, and not in their individual capacity. We think it is clear that the city is the real party in interest, and therefore the same exemption applies here that would have applied had the city itself been the appellant. In support of this view, see citations in 1 Enc. Pl. & Pr. pp. 968, 969; also *Lamberson v. Jefferds,* 116 Cal. 492 (48 Pac. 485).

This case has been exhaustively argued upon the merits in the briefs of the respective counsel, and numerous suggestions and citations of authorities have been made by each. A comprehensive review of them all would require more space than we deem necessary for the determination of the case. From the facts as found, the court found, as a conclusion of law, that respondent was entitled to a peremptory writ of mandate commanding appellants to issue warrants upon the current expense fund of said city for the amount of respondent's claims, and judgment was entered accordingly. Appellants except to the court's twenty-second finding of fact, which is "that, aside from said delinquent taxes, said indebtedness fund cannot raise a revenue by taxation greater than about the sum of $5,000." Based upon the agreed statement of facts, the amount found is doubtless an error, as the sum would probably be about $9,000. But, since the last-named sum is less than the annual interest charge against said fund, we do not think the error materially affects the merits of this controversy. We do not deem it necessary to discuss the other exceptions specifically, since we believe the remaining findings challenged are substantially in accord with the agreed statement of facts.

The remaining question is, did the court err in its conclusion of law? In *Townsend Gas & Electric Co. v. Port Townsend,* 19 Wash. 407 (53 Pac. 551), this court held that the charter provision in the law of 1881 under which the city of Port Townsend was incorporated, and which authorized the creation of a light fund by special taxation, is simply permissive, and is not restrictive of the power to contract for general liability. This contract was general in its terms, and undoubtedly created a general liability, as held in the last-named case. The power to continue the special light fund was lost by the city when it reincorporated in 1896. Appellants' contention that these claims should be paid from such light fund cannot prevail, because neither is such fund in existence, nor can it be created. Since the act of 1897 (Laws 1897, p. 222), cities of the class of Port Townsend are required to maintain a "current expense fund" and an "indebtedness fund." Appellants contend that, if respondent's claims are not to be paid from a special light fund, they must be paid from the indebtedness fund, because the obligation was incurred prior to February 1, 1898, when the indebtedness fund was established, on the theory that all obligations incurred before said date can only be paid from said fund. If the law of 1897 required the payment of these claims from the indebtedness fund, we believe it would be void, as to this particular contract, as impairing its obligations. The court's findings, as well as the agreed statement of facts, show the indebtedness fund of the city to be incumbered by about $90,000 of outstanding warrants which were not chargeable to any general fund of the city prior to the performance of the services by respondent under its contract. Respondent's remedy under its contract was for payment from the general fund, and if it should now be sent to the indebtedness fund for

payment, after the city resisted and litigated its claims, as shown by the record, pending which resistance this large judgment incumbrance attached, it would seem to us not only unconscionable and inequitable, but would so greatly lessen the value of respondent's remedy as to clearly impair its contract. Any construction, even though not the most obvious, which will sustain a law, will be preferred to a construction which will render it unconstitutional. Cooley, Constitutional Limitations (5th ed.), 220. The indebtedness chargeable against the indebtedness fund as provided by § 5 of the act of 1897 embraces all "warrants, certificates and all other obligations and indebtedness of the city, with the interest thereon, for the payment of which no provision is made by law, by the levy of a special tax," etc. Applying the rule of construction that particular words in a statute followed by general words limit the general to the same class as the particular, the words "all other obligations," etc., would be limited to obligations and indebtedness of the same class as those represented by warrants and certificates, viz. liquidated and ascertained obligations,—indebtedness not requiring any act to fix the liability of the city; and such obligations should be fixed and ascertained at the time of the institution of the fund. We think it our duty to so construe the statute. Respondent's claims were not finally fixed and ascertained at the time of the institution of the fund, but were still in dispute, and a large portion thereof in litigation. We therefore conclude that respondent is entitled to have its claims paid in warrants upon the current expense fund, and that the peremptory writ of mandate was properly issued.

The judgment is affirmed.