[No. 4420.   Decided October 13, 1903.]

SAMUEL G. CORBETT, *Respondent,* v. THE CIVIL SERVICE COMMISSION OF THE CITY OF SEATTLE *et al.,* *Appellants.*[1]

APPEAL—BOND—EXEMPTION IN BEHALF OF CITY.   Where the civil service commissioners are city officers, and prosecute an appeal from the reversal of their official decision, no bond on appeal is necessary, as the appeal is on the city's behalf.

BILL OF EXCEPTIONS—SUFFICIENCY ON WRIT OF REVIEW.   Where a contest before a city civil service commission is brought up to the superior court upon a writ of review and heard upon the return and the testimony introduced before the commission, as a bill of exceptions, the same, upon being certified to contain all the material facts, etc., is a sufficient bill of exceptions or statement of facts on appeal to the supreme court.

[1]Reported in 73 Pac. 1116.

APPEAL—DISMISSAL—BRIEFS—PRINTING FINDINGS—EXCEPTIONS TO FINDINGS. The failure of the appellants to print the findings of fact in which they allege error, or to take exceptions thereto in the court below, is not ground for striking the briefs or dismissing the appeal, but the court will treat the findings as conclusive, and not review the evidence.

WRIT OF REVIEW—ATTESTATION. A writ of review issued by order of court upon the showing required by statute, and sealed and attested by the clerk, is sufficient without attestation by the judge.

SAME—APPLICATION—SPECIFICATION OF ERRORS—DEMURRER. A demurrer to an application for a writ of review on the ground that the errors are not specifically pointed out is properly overruled when it is sufficient to apprise the party of the errors, and a motion to make more definite was not made.

Appeal by the civil service commission of Seattle from a judgment of the superior court for King county, Tallman, J., entered April 17, 1902, upon findings of fact and conclusions of law made by the court after a hearing upon a writ of review, reversing the decision of said commission and reinstating the respondent, Samuel G. Corbett, as a member of the police force of said city.    Affirmed.

*Mitchell Gilliam* and *William Parmerlee,* for appellants.

*John F. Miller,* for respondent.

ANDERS, J.—On and prior to February 14, 1902, the respondent, Samuel G. Corbett, was a member of the police department of the city of Seattle, and on that date was, under the classified civil service, a first-grade detective in said department.    On the date aforesaid the chief of police of the city made an order removing the respondent from the department, and, in accordance with the provisions of the charter, filed with the civil service commission of the city his order of removal, and a statement of the cause of the removal, which was "for attempting to search the

house of J. H. Brownlee, at 319 Boren avenue, on the evening of February 12th, 1902, without a search warrant." From this order of removal the respondent, acting under the provisions of the city charter, duly appealed to the civil service commission. That commission is created by the city charter, and is charged with the duty, among others, of hearing and judicially determining any appeal which may be taken by any member of the police department of the city from an order of removal or suspension made by the chief of police.

On February 20, 1902, a hearing was had on the respondent's appeal before the commission, at which the respondent appeared in person and by his attorney. At said hearing evidence was introduced both for and against the respondent, and on the 24th day of February, 1902, the commission filed its written decision and order suspending the respondent, Corbett, from the police department of the city of Seattle for a period of ninety days from February 12, 1902, without pay, and declaring that after the expiration of said suspension he be reduced from his former rank to that of third grade patrolman.

The respondent, feeling aggrieved by this order and decision of the civil service commission, removed the cause to the superior court of King county by writ of review. At the time set for the hearing in the superior court, the appellants appeared specially and moved to quash the writ of review, on the grounds (1) that the court had no jurisdiction to issue the writ; (2) that the writ was not attested in the name of the judges, or any one of the judges, of said court; and (3) that said court had no jurisdiction to review, correct, modify, or set aside any of the proceedings of the civil service commission. This motion was denied, and an exception to the ruling of the court duly taken.

Appellants thereupon filed a demurrer to the affidavit for the writ, upon the ground that the same did not state facts sufficient to authorize the court to issue a writ of review. The appellants then filed the record of the proceedings of the civil service commission touching the respondent's appeal from the order of the chief of police, as and for their return to the writ of review; and the respondent caused to be filed with the clerk of the court a transcript of the testimony taken before the civil service commission. No testimony was introduced at the hearing before the superior court, other than that contained in this transcript; which is designated in this record as a "bill of exceptions."

The court, after hearing all parties, made and filed its findings of fact and conclusions of law, and thereafter rendered its judgment and decree setting aside and annulling the said order of the chief of police and the finding and decision of the commission, in so far as the same related to the suspension and reduction in rank of the respondent, and ordered that the respondent's reinstatement date from February 24, 1902, the date of the order made by the commission, and that he be reinstated to the grade and rank held by him at the time of the order of removal made by the chief of police.

The respondent moves to strike appellant's brief herein, and to dismiss this appeal, on the grounds and for the reasons, (1) that no appeal bond has been filed herein within the time limited by law, or at all; (2) that no statement of facts or bill of exceptions, or proposed statement of facts or bill of exceptions, has been filed, served, or settled herein within the time allowed by law, or at all; (3) that appellants, alleging error in certain findings of fact herein, have not printed in their brief the findings of fact, with the exceptions thereto, on which question is

sought to be raisel by them on this appeal, and have not printed such findings as they requested the lower court to make, which were refused, with their exception to such refusal; and (4) that this appeal was taken for delay.

This motion must be denied. The civil service commission is created by, and derives its authority from, the city charter. It is one of the departments of the city government, or, as found by the court below, it is "one of the inferior tribunals or boards of the city." Its members acted officially and judicially, and not individually, in considering the matter of respondent's appeal. They were officers of the city, and acted in its behalf, and they have appealed in their official capacity. If the city were the appellant, it would not be required to give an appeal bond. And we think the civil service commission represented the city to a sufficient extent at least to entitle it to the same immunity, under the doctrine announced in *Townsend Gas etc. Co. v. Hill,* 24 Wash. 469, 64 Pac. 778.

The cause was tried in the court below, as we have already intimated, upon the writ of review, the so-called return thereto, and the testimony introduced before the commission, which is denominated, and seems to have been treated by the court as, a bill of exceptions. And the learned judge before whom the cause was tried certifies that "the same contains all the facts, matters, and proceeding heretofore occurring in said cause and not already a part of the record, . . . counsel for plaintiff and counsel for defendant being present and concurring." In view of this certificate, and of the record before us, we are unable to assent to the proposition that no bill of exceptions or statement of facts has been settled herein.

While it is true that appellants have not printed in their brief the findings and conclusions made by the superior

court, that they seem to allege error in the findings of fact, and that no exceptions were taken in the court below to the findings of fact, still this court would hardly be justified either in striking appellants' brief or dismissing the appeal on that account alone. Where the findings of fact are not objected to in the trial court, this court will simply accept them as conclusive as to the facts in the case, and will not consider the evidence on appeal. Bal. Code, § 6520; and see *National Bank of Com. v. Seattle Pickle & Vinegar Works,* 15 Wash. 126, 45 Pac. 731.

The appellants contend that the court below erred in denying their motion to quash the writ of review. The first ground of the motion, namely, that the court had no jurisdiction to issue the writ, was not insisted upon, and was in fact practically abandoned, by the learned counsel for the appellant on the argument in this court, and we will therefore not stop to consider it. But counsel nevertheless insists that his motion should have been granted because of the fact that the writ was not attested in the name of the judges, or any one of the judges, of the superior court; and it is urged that the writ was absolutely void without such attestation, and that the court erred in declaring it valid.

Our statutes provide that a writ of review shall be granted by any court, except a police or justice court, in certain specified cases, and that the application for the writ must be made on affidavit by the party beneficially interested; and respondent's application in this instance was so made, and the writ issued by order of the court was based thereon. No statute of this state has been referred to by counsel, or discovered by us, providing the manner or form in which writs of review, issued out of the superior court, shall be attested, but doubtless the writ itself

should show that it emanated from a proper tribunal. The writ in question was attested and sealed by the clerk of the court, and we think the court was warranted in holding it a valid attestation. See *Miller v. Trustees of Schools,* 88 Ill. 26.

The appellants further contend that the court erred in overruling the demurrer to respondent's application, on the ground that the specifications of error contained therein are insufficient for the reason that the exact errors alleged to have been committed by the civil service commission are not therein specifically pointed out. But we are satisfied from an examination of the affidavit that it was sufficiently specific to apprise the appellants of the errors which the respondent claimed were committed by the commission. If it was not, a motion to make it more definite and certain would, in all probability, have been granted by the court.

Inasmuch as the conclusions and judgment of the trial court are fully warranted by the established facts of the case, it follows that the judgment was not improperly rendered. We perceive no error in the record, and the judgment is therefore affirmed.

FULLERTON, C. J., and MOUNT and DUNBAR, JJ., concur.