[No. 4954.    Decided April 9, 1904.]

THE STATE OF WASHINGTON, *on the Relation of George B.
Smith, Respondent*, v. FRED BLUMBERG, *as Auditor
of Skagit County, Appellant.*[1]

APPEAL—BONDS—EXEMPTION OF COUNTY WHEN NOT AVAILABLE
TO COUNTY OFFICER—JUDGMENT AGAINST COUNTY—DUTY OF COUNTY
AUDITOR TO ISSUE WARRANT.    Where a county auditor appeals
from a judgment of mandamus against him, compelling him to
issue a warrant on account of a judgment regular on its face,
recovered against the county, and which judgment is not appealed
from or contested by the county, and no question is raised as to
the fund from which it is to be paid, the appeal is not an appeal
in the interest of the county, dispensing with the necessity of an
appeal bond, since the auditor's duty is plain and the appeal one
in his own interest in which he has become involved by his own
course; and the appeal should be dismissed where no appeal bond
is given.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered April 8, 1903, granting a
peremptory writ of mandamus, after a hearing on the
merits before the court without a jury.    Appeal dismissed.

*J. C. Waugh,* for appellant.

*Million & Houser,* for respondent.

HADLEY, J.—In this case the superior court of Skagit
county issued an alternative writ of mandamus, which,
after a hearing, was made peremptory, against Fred Blum-
berg, the auditor of said county, as respondent in the pro-
ceeding.    The relator, George B. Smith, had theretofore,
on the 3d day of July, 1903, obtained a judgment against
said county for the sum of $38 and costs.    The judgment
was obtained before a justice of the peace in said county.
No appeal was taken, and it was regular upon its face.

[1] Reported in 76 Pac. 272.

Thereafter the holder of the judgment entered satisfaction thereof on the justice docket, presented to said auditor a certified transcript of the docket of judgment, including the satisfaction, and demanded a warrant for the amount, in accordance with the provisions of § 5676, Bal. Code. The demand was refused, and this proceeding in mandamus was then brought to obtain a writ compelling the auditor to issue a warrant. From the judgment authorizing a peremptory writ the auditor has appealed to this court.

The relator in the action (the respondent in this appeal) moves to dismiss the appeal. Among other grounds, it is urged that the motion should be granted because the appellant has never given any appeal bond. The appellant contends that he is exempt from giving an appeal bond, under the rule followed in *Townsend Gas etc. Co. v. Hill*, 24 Wash. 469, 64 Pac. 778. That action was brought against the appellants as officers of the city, and not against the city proper. The record was such as made it apparent that the controversy was being waged in behalf of the city as the real party in interest. Intervening legislation, with regard to the maintenance of certain funds required to be kept by municipal corporations, created such uncertainty as to what fund the warrants should be drawn against as gave rise to a substantial controversy, properly calling for judicial investigation. The obligation itself was not disputed, but there was a vexed question for actual litigation, viz. : from what fund should the city pay the debt. Under such circumstances it was held that the appellants were appealing in behalf of the city as the real party in interest, and that the exemption from giving appeal bonds, accorded to municipal corporations, should apply in that case.

In the case at bar, however, the county is not litigating any question. The debt was established by the judgment.

The latter was uncontested by appeal, and the obligation is ascertained and fixed. The judgment shows, upon its face, that it was based upon a simple contract for physician's services, rendered to indigent persons as county charges. There can be no question as to the fund from which the debt should be paid, and no such question is raised in appellant's pleadings. As an excuse for refusing to discharge his duty and issue the warrant, appellant, merely in a collateral manner, attempts to attack the judgment, which is regular upon its face, and in the validity of which the county itself has acquiesced by not contesting in a direct manner. The obligation being judicially and finally established, must, at least eventually, be met by the county, regardless of this litigation in which appellant, by his own course, has become involved. Appellant's duty to issue the warrant was therefore plain, and one which the county, by its course in the premises, must, from a legal standpoint at least, have expected him to discharge. The county has, therefore, no interest in appellant's attempted justification, or in the appeal, but the appeal is in his own behalf. In such case, we think there is no exemption from giving an appeal bond. The statute, § 6505, Bal. Code, provides:

"But no bond or deposit shall be required when the appeal is taken by the state, or by a county, city, town, or school district thereof, or by a defendant in a criminal action."

It will be observed that a strict reading of the statute declares the exemption only when the appeal is taken by the municipality itself. In *Townsend Gas etc. Co. v. Hill, supra,* the construction of the statute certainly extended the rule as far as any inference to be drawn from the statute will warrant, and we do not think it should be construed to include such a case as this, where only a clear,

ordinary duty of the officer is involved, and where the municipality can have no contestable interest. The test is not simply that the officer is designated as such in the suit, but rather whether the action involves merely his own conduct and duty, or includes something of actual interest to the municipality.

The motion to dismiss the appeal is granted.

FULLERTON, C. J., and ANDERS and MOUNT, JJ., concur.