[No. 6202. Decided August 8, 1906.]

## C. L. PARISH, *Respondent,* v. R. H. COLLINS *et al., Appellants.*[1]

APPEAL—BOND—EXEMPTION. Upon an appeal by the mayor and council from a judgment ordering an election to disincorporate a city, the appeal is on behalf of the city and no bond is required.

APPEAL—BRIEFS—PRINTING—FINDINGS. Rule 8, subd. 5, of the supreme court does not require the printing of all the findings of fact, but only those on which any question is sought to be raised.

MUNICIPAL CORPORATIONS—DISINCORPORATION—PROCEEDINGS. Where, before the hearing of a petition to disincorporate a town containing less than 250 qualified voters, signed by a majority of the voters therein, it appears that part of the signers have voluntarily withdrawn their names by filing with the city council a writing to that effect, sufficient in number to reduce the same to less than one-half of the voters of the town, the council properly dismissed the proceedings, and it was error to mandamus the council to order an election for disincorporation.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 13, 1906, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action for a writ of mandamus to compel the officers of a city to order an election on the question of disincorporation. Reversed.

*Edward Judd,* for appellants.

*Frank S. Griffith,* for respondent.

MOUNT, C. J.—Action in mandamus, to compel the mayor and city council of the city of Kirkland to submit to the

[1]Reported in 86 Pac. 557.

voters of such city the question of the disincorporation there-of. The writ was issued as prayed, and the mayor and council appeal.

Respondent moves to dismiss the appeal upon the grounds, (1) that no appeal bond was filed in the case; (2) that the appellants have not printed the findings of fact in their brief. The motion must be denied upon both grounds. While the mayor and city council are the nominal parties, the action is really against the city itself, whose life depends upon the result of the submission. The appeal is therefore in behalf of the corporation, which is by law exempt from the necessity of furnishing an appeal bond. *Townsend Gas etc. Co. v. Hill,* 24 Wash. 469, 64 Pac. 778. The case of *State ex rel. Smith v. Blumberg,* 34 Wash. 640, 76 Pac. 272, relied upon by respondent, is not in point. The distinction is clearly pointed out in that case. Subdivision 5 of rule 8 does not require appellants to print all the findings made by the lower court, but only those on which any question is sought to be raised. This has been done in the appellants' brief. The motion to dismiss is therefore denied.

The affidavit for the writ, after alleging that the city of Kirkland was a municipal corporation of the fourth class, containing less than two hundred and fifty legal voters, and that the appellants were the mayor and city council respectively, alleged in substance that, on the 20th day of November, 1905, the affiant and sixty-nine others, at a regular meeting of said council, presented a petition to said council, praying that the said council should forthwith order an election to be held in said town for the purpose of determining whether or not said corporation should be dissolved, and for a receiver for the purpose of winding up the affairs of such town. The affidavit also alleged, that each person named in the petition was a duly qualified voter in such town; that the petition contained the names of more than a majority of the legal voters of said town; and that the mayor and council refused to consider the said petition, and refused to call an election

as prayed for therein, or at all; that the said mayor and council, after the filing of the petition, approached the petitioners and solicited them to withdraw their names from the petition, and that said mayor and council had declared that they would not grant such petition, but would deny and fight the same.

Upon this showing, the lower court granted a show-cause order against the said appellants, who appeared to move to strike certain allegations in the affidavit, and upon their motion being denied, demurred to the petition. This demurrer was overruled, and then the appellants answered, admitting that the town was a municipal corporation of the fourth class, containing less than two hundred and fifty qualified voters; that appellants were the qualified and acting mayor and city council, respectively; that a petition was presented to such council on the date named, and that some of the members of the council did seek to have certain signers of the petition withdraw their names therefrom; but denied all the other allegations of the affidavit, and alleged affirmatively that, at the time the petition was presented to the council, it was immediately acted upon and referred to a special committee, which was instructed to verify the sufficiency and genuineness thereof and to report to the council at the next regular meeting, which would be held on December 18, 1905. The answer also alleged that the number of lawfully registered voters in said town, at the time the petition was presented, was more than one hundred and forty, and that before the next regular meeting of the council and before the council had finally acted upon the petition, eight of the petitioners had withdrawn their names from the petition, leaving only sixty-two names thereon, and that said number was not a majority of the voters of said city. The answer was served on December 13, or five days before the next regular meeting of the council. The reply denied all the new matter alleged in the answer, and further alleged that if any of the said petitioners had withdrawn therefrom,

the same was done through fraud, duress and coercion, brought about by the members of the city council. Upon these issues the cause was tried to the court without a jury.

The only evidence offered at the trial was evidence tending to show the total number of voters on November 20, 1905, and the qualifications of those whose names appeared on the petition, and the efforts by certain councilmen to persuade petitioners to take their names from the petition. It was shown without dispute that, at the time of the trial, which occurred in June, 1906, the city council had acted upon the petition and had denied the same. The court made findings substantially following the affidavit for the writ, among which were findings to the effect that every one of the petitioners was a qualified voter in the town at the time of the filing of the petition with the town council, and

"That said petition mentioned in finding 5 herein contained many more than a majority of all the lawful voters in the town of Kirkland on the 20th day of November, 1905, at the time when the petition was presented to the town council of the town of Kirkland, and that said petition always had contained, did at the time of the hearing herein, and does now contain many more than a majority of the lawful voters of the town of Kirkland, and said defendants and each of them at all of said times knew that said petition contained the names of more than a majority of all the lawful voters in the town of Kirkland."

We have very carefully examined the record in this case and there is no evidence at all to support these findings. It was conceded on the trial that at least one of the petitioners was not a voter, and it was shown beyond dispute that at least eight of the petitioners had voluntarily withdrawn their names from the petition by a writing to that effect, filed with the council before the council acted upon the petition. It was also shown beyond dispute that there were at least one hundred and forty lawful voters in said town at the time the petition was filed with the council. These being the facts

practically conceded, the court should have denied the writ and dismissed the proceedings.. Other fatal errors are presented in the brief and by the record, but in view of the necessary result of the facts above stated, it is unnecessary to consider other errors.

The judgment is reversed, and the action ordered dismissed.

RUDKIN, DUNBAR, CROW, and FULLERTON, JJ., concur.