[No. 21094.  Department Two.  October 8, 1928.]

EVERETT M. BALDWIN, *Respondent*, v. ALICE OWEN FRISBIE *et al.*, *Appellants.*[1]

*William B. Bridgman,* for appellants.

*Frank J. Allen,* for respondent.

[1]Reported in 270 Pac. 1025.

MAIN, J.—This action was brought to quiet title to certain real property as against the lien of a drainage improvement district assessment. The cause was tried to the court without a jury, and resulted in a judgment as prayed for by the plaintiff, from which the defendants appeal.

The facts are stipulated. The property in question is located in a drainage improvement district in Yakima county. August 29, 1925, Yakima county purchased the property at public sale pursuant to a foreclosure for general taxes. This foreclosure made no mention of drainage improvement district assessments, and the deed conveying the property to the county made no mention thereof. April 3, 1926, the county offered the property at public sale, and it was purchased by the respondent. The notice of sale provided that the property would be sold

" . . . subject to all local improvement taxes or assessments which are now or may hereafter become a lien against said property."

Whether the property was offered for sale for the amount of the general taxes for which the same was struck off to the county at the prior sale, together with all drainage district assessments and supplemental assessments, does not appear. Neither is there any fact stated which shows that the board of county commissioners elected to sell the property for less than the amount of the general taxes and the drainage assessments due at the time of the resale. The deed by the county conveying the property to the respondent simply recites the amount of the consideration paid to be $275.10.

There is no controversy here as to any drainage improvement district assessment which became due prior to the sale by the county to the respondent. It is the lien of the assessments coming due after

the purchase by the respondent that is involved in this proceeding. The respondent says that he took the property free and clear from any such assessments. The appellants contend that he took it subject to the lien of the assessments which became due subsequent to the time the property was conveyed to him. The answer to this question involves a consideration of the pertinent statutory requirements.

Section 4439-3, Rem. 1927 Sup., which section was a part of ch. 46 of the Laws of 1923, p. 125, among other things, provides:

"Any property in any drainage or diking or sewerage improvement district sold under foreclosure for general taxes shall remain subject to the lien of all drainage and diking or sewerage improvement district assessments or installments thereof not yet due at the time of the decree of foreclosure and the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so state."

Here is an express declaration on the part of the legislature that the property when sold for general taxes shall remain subject to the lien of all drainage assessments not due at the time of the foreclosure. The fact that the foreclosure proceedings by which the county acquired title and the deed to it made no mention of the drainage assessments does not pass the title to the property to the county free and clear thereof, when the statute says that it shall be taken subject to the drainage assessments not then due. The failure of the proper officers to foreclose for the general taxes subject to the drainage improvement assessment cannot have the effect of conveying to the county a greater title than that authorized by the legislature. The county's title must rest upon the statutory requirements, and not upon a failure of the proper officers to comply therewith. It then seems clear that the county took the property subject to the drainage

improvement assessment not due at the time it acquired title.

■ This brings us to the question as to what kind of a title was conveyed by the county to the respondent.

Section 4439-4, Rem. 1927 Sup., which was also a part of ch. 46 of the Laws of 1923, p. 126, provides that property subject to a drainage improvement district assessment acquired by the county pursuant to a foreclosure and sale for general taxes, when offered for sale by the county,

" . . . shall be offered for the amount of the general taxes for which the same was struck off to the county, together with all drainage or diking or sewerage improvement district assessments or installments thereof, due at the time of such resale, including maintenance assessments, and supplemental assessments levied pursuant to the provisions of § 4439-6, coming due while the property was held in the name of the county; and the property shall be sold subject to the lien of all drainage or diking or sewerage improvement district assessments or installments thereof not yet due at the time of such sale, and the notice of sale and deed shall so state. Provided, that the county board may in its discretion, sell said property at a lesser sum than the amount for which the property is offered in the notice of sale."

Then follows a provision as to how the proceeds of the sale shall be applied, if the county board in its discretion shall elect to sell the property for a lesser sum than that specified in the notice of sale, and requires that the proceeds of the sale shall first be applied to the discharge in full of the lien or liens for general taxes for which the property was sold.

It will be observed that this statute provides that the property shall be offered for sale for the amount of the general taxes for which it was struck off to the

county, and also for all drainage improvement district assessments and installments thereon due at the time of such resale. There is an express provision that the property shall be sold subject to the

"  . . . lien of all drainage  . . .  improvement district assessments or installments thereof not yet due at the time of such sale, and the notice of sale and deed shall so state."

The notice of sale did not state that the property was offered for the amount of the general taxes and the district assessments. Nowhere does it appear what the amount of these items was. There is, in the notice of sale, the provision above quoted which is to the effect that the property shall be sold subject to local improvement taxes or assessments which are now or may hereafter become a lien on said property. As already stated, there is nothing to show that the county board exercised its discretion to sell the property for less than the amount of the general taxes and the drainage assessments then due.

The respondent contends that the property was sold under the proviso that the county board may exercise its discretion to sell for a lesser sum than the amount for which the property is offered in the notice of sale. If this were true, then the case would call for a construction as to the effect of the provisions of the statute which makes application of the proceeds where the property is so sold. We do not, however, agree with the contention of the respondent in this regard. In the absence of a showing as to the amount of the general taxes and the drainage improvement assessments, and in the absence of something showing the exercise of a discretion on the part of the county board, it cannot be presumed that the property was sold under the proviso of the statute and not under the declaratory part which precedes it. If the prop-

erty was sold under the declaratory part of the statute, it was the plain mandate thereof that it be sold subject to the lien of all drainage assessments not due at the time of the sale. It is true that the deed does not expressly convey the property to the respondent subject to the drainage improvement district assessments not due at the time of the sale to him; but his title must be determined from the statute and he cannot get a better title than that authorized thereby, as already indicated when discussing § 4439-3. We must conclude that the property was sold under the declaratory part of § 4439-4, and that the respondent took title subject to the drainage improvement assessments not then due.

Section 11309, Rem. Comp. Stat., to which attention is called, was passed long prior to the statutes involved in this proceeding; and in so far as it is out of harmony therewith, it is necessarily modified.

Some suggestion is made that if it be held that the property be sold subject to the drainage improvement district assessments, then the law would be unconstitutional. Assuming, for the purpose of this case, that the respondent in this proceeding can raise such question, it cannot avail him anything. The construction we have given to the statute in no sense makes the drainage improvement assessment superior or even equal in rank to the general taxes. In fact, both sections of the statute referred to recognize the superiority of the lien for general taxes. Section 9 of art. 11 of the constitution provides that no property shall be

" . . . released or discharged from its or their proportionate share of the taxes to be levied for state purposes . . . "

The present act does not purport to release or discharge the property from any part of its general taxes

for state or other purposes. As already said, the superiority of the general tax lien is recognized, and the property is sold subject to the drainage improvement assessments. This is not a release or a discharge of the property from the lien of general taxes levied for state purposes.

The case of *Maryland Realty Co. v. Tacoma,* 121 Wash. 230, 209 Pac. 1, construed statutes other than those now before us and statutes which were enacted prior to the year 1923. The sections of the statute involved in that case were materially different from those involved in the case now before us.

It is our conclusion that, under the facts as they appear in this case, the respondent took title to the property in question subject to the lien of the drainage improvement assessments not due at the time of the sale to him.

The judgment, therefore, will be reversed and the cause remanded with direction to the superior court to dismiss the action.

BEALS, ASKREN, and HOLCOMB, JJ., concur.

FULLERTON, C. J., concurs in the result.