JAMES A. TREAT, as Mayor Commissioner of the City of Winter Park, *et al.,* v. STATE *ex rel.* RALPH WINTERS.

154 So. 157.
Opinion Filed March 6, 1934.

*W. E. Winderweedle* and *E. W. & R. C. Davis,* for Plaintiffs in Error;

*Hope Strong,* for Defendant in Error.

DAVIS, C. J.—Judgment at law in a mandamus proceeding was entered against the officials of Winter Park, Florida, who sued out writ of error therefrom to this Court.

The proposition we are now called on to decide is whether or not the court below erred in permitting plaintiffs in error to supersede the judgment appealed from, by giving a supersedeas bond without surety, as provided for by Chapter 16245, Acts of 1933. That Act is as follows:

"AN ACT Providing that no Municipal Corporation or Taxing District of Florida shall be Required to Furnish Surety on Any Injunction, Appeal, Supersedeas or other Bond.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. No municipal corporation or taxing districts, organized or created under any law of this State, shall be required to furnish any surety upon any injunction, appeal, supersedeas or other judicial bond required by any law of this State, or order of Court, in any legal proceedings in which it may be a party.

"Section 2. This Act shall take effect upon its becoming a law.

"Approved June 7, 1933."

In .this case the plaintiffs in error were sued in their official capacity as officers of the City of Winter Park by reason of the fact that such officers, in their representative character constituted the governing authority of the municipality. As such they acted officially and solely on behalf of the city itself in taking this writ of error. In this view of the case it is not amiss to say that while the proceeding here dealt with was brought against the individual officers of the city as respondents to the writ of mandamus, yet the peremptory writ awarded is one that is in legal effect and to all intents and purpose, a peremptory writ against the city itself. This is so because the city was and is in all respects and at all times the real party in interest. Hence the city through its officers becomes bound by the judgment of the court below when such judgment was entered against the city's officers, notwithstanding the particularly named individuals who represented it at the time may subsequently change or die.

In cases of changes or death, a peremptory writ granted to require performance of a municipal duty, relating to discharge of an obligation due to relator, may be amended to designate as respondents to it, the successors of any respondents who may die, or whose authority may become thereafter terminated.

The bond in question in this case is not signed by the plaintiffs in error, but is as follows:

"KNOW ALL MEN BY THESE PRESENTS, that THE CITY OF WINTER PARK, FLORIDA, a municipal corporation, as Principal, is held and firmly bound unto RALPH WINTERS, in the sum of One Thousand Dollars ($1,000.00) for the payment of which well and truly to be made, the undersigned principal firmly binds itself by these presents.

"Signed, Sealed and Delivered this the 24th day of October, A. D. 1933.

"THE CONDITION OF THIS OBLIGATION is such that whereas the above named Relator on the 20th day of October, A. D. 1933, obtained a Peremptory Writ of Mandamus, in the above entitled Court against the City of Winter Park, Florida, a municipal corporation, and whereas, the above named respondent has obtained a Writ of Error from the Supreme Court of the State of Florida to review said peremptory writ;

"Now, THEREFORE, if the said peremptory writ of mandamus shall be affirmed by the appellate Court, and the respondents shall well and truly carry out said commands of said peremptory writ, then this obligation shall be null and void, otherwise to remain in full force and effect.

"THE CITY OF WINTER PARK, FLORIDA,

"By JAMES A. TREAT,

Mayor-Commissioner and City Manager.

"(CORPORATE SEAL—CITY OF WINTER· PARK).

"Bond approved Oct. 24, 1933.

"C. M. GAY,

"Clerk Circuit Court, Orange County, Florida.

"(SEAL)."

While it is true that the precise cause of action stated in the alternative writ of mandamus was not one sounding

against the City of Winter Park as a municipal corporation *quoad hoc,* yet the municipality is the real party in interest as defendant to the suit, and is accordingly bound by the judgment awarding a peremptory writ of mandamus against its officers with respect to its municipal bonds. As to the municipal bonds we have held that a writ of mandamus brought to enforce their collection is the legal equivalent of an execution against the city's taxing power, which the municipality holds in trust under an obligation to exert and exercise it for the benefit of its creditors so long as it is necessary to do so. Humphreys v. State, 108 Fla. 92, 145 Sou. Rep. 858.

Plaintiffs in error have cited to us respectable authority which holds that where a statute expressly or impliedly exempts municipal corporations, counties and other political subdivisions of the State from the necessity of giving bond or undertaking on appeal, that such exemption extends to municipal officers and agents representing a city in a suit wherein such municipality is the real party in interest. A mandamus proceeding brought against municipal officers as respondents, for the purpose of enforcing payment of municipal bonds is such a suit as may properly fall within the scope of the rule just stated, therefore on the authority of the cases cited we hold that the supersedeas bond given on the present writ of error is a sufficient compliance with Chapter 16245, Acts of 1933, to invoke the protection of that statute, and insure the effectiveness of the supersedeas. See Lamberson v. Jefferds, 116 Cal. 492, 48 Pac. Rep. 485; Corbett v. Civil Service Commission of Seattle, 33 Wash. 190, 73 Pac. Rep. 1116; Smith v. City of New Orleans, 43 La. Ann. 726, 9 Sou. Rep. 773; Townsend Gas & Electric Co. v. Hill, 24 Wash. 469, 64 Pac. Rep. 778; 3 Corpus Juris 1122; Parish v. Collins, 43 Wash. 392, 86 Pac. Rep. 557.

The motion for a better supersedeas bond is denied. WHITFIELD, TERRELL and BUFORD, J. J., concur.