DADE CITY, *et al.,* v. STATE, *ex rel.* THE WOMAN'S BENEFIT
ASSOCIATION OF PORT HURON, MICHIGAN, a Benevolent
Association organized and existing under the laws of
the State of Florida.

165 So. 68.

Division B.

Opinion Filed January 7, 1936.

*Arthur L. Auvil,* for Plaintiff in Error;

*J. Franklin Garner,* for Defendant in Error;

BUFORD, J.—The writ of error brings for review judgment awarding peremptory writ of mandamus making the command of an alternative writ peremptory.

The command of the alternative writ was:

"Now, therefore, being willing that safe and speedy justice be done in the premises, do command you, Dade City, in Pasco County, Florida, R. L. Betcelheimer, as Mayor-Commissioner and member of the City Commission, and Fred L. Touchton and J. Y. O'Neal as members of the City Commission of said Dade City, without undue delay, to

revise and amend the amount provided in the said City budget for debt service and/or payment of said bonded debt of said Dade City, so as to include in said budget an appropriation for the payment to your relator the sum of $14,-250.00, the sum being the interest coupons which have matured and will accrue upon the bonds owned by the Relator, during the fiscal year 1934-1935, as described in paragraph 2 hereof, and further command you to levy a special tax for the fiscal year 1934-1935 on all the taxable property within said Dade City, Florida, which will produce a sum of money sufficient to pay the appropriation so made for the payment of the past due interest coupons of the relator and the interest coupons of the relator which will mature during the fiscal year 1934-1935, on the bonds described in paragraph 2 hereof, and do command you, L. R. Douglas, as City Tax Assessor, after such revision or amendment of said budget and tax levying ordinance by the City Commission to forthwith revise the tax roll of said City and the extension of taxes against the several properties, real and personal, therein in accordance with such revised and/or amended budget and ordinance levy taxes for said City for the fiscal year 1934-1935, or that you and each of you, in default of complying therewith to appear before this Honorable Court on a day to be fixed by this Court, namely, the 28th day of November, A. D. 1934, to 10 o'clock A. M., in the City of Dade City, County of Pasco, State of Florida, and do then and there show cause why you refuse so to do, and have you then and there this Writ."

The plaintiffs in error suggest that there are three questions to be determined by this Court, which questions are as follows:

"First. In mandamus to compel respondent city to revise and amend its duly adopted budget for the purpose of

making an increased levy to take care of matured interest coupons held by petitioner, where bondholding petitioner permitted interest payments to accumulate for several years without enforcing statutory duty to make annual tax levies therefor, and where answer of respondent city contends that the imposition of a tax for four years, including the current year, in the current year's budget would result in confiscation of property and the refusal of all property owners to pay any *ad valorem* taxes, was it proper for the Court on alternative writ and return, without taking testimony, to issue an order granting peremptory writ as prayed for?

"SECOND. In alternative writ for mandamus issued November 14, 1934, to compel respondent city to revise and amend its duly adopted budget for the purpose of making an increased levy to take care of defaulted interest coupons which have been maturing for several years, where the return shows that the tax roll was delivered to the tax collector on November 8, 1934, and that he immediately began the collection of taxes, and that twenty-eight different property owners in the city had already paid their taxes, among them being such taxpayers as Atlantic Coast Line Railroad Company, Seaboard Air Line Railway Company, Tampa Electric Company, Standard Oil Company, and the Great Atlantic and Pacific Tea Company, to each of whom receipts in full for their 1935 *ad valorem* taxes had been issued by the respondent city, and that the withdrawal of the tax roll from the tax collector in order to make changes therein and increase the amount of the levy and assessments would cause confusion and disorder in the financial affairs of the city to such an extent that it would be almost impossible to rectify and adjust the same, was it proper for the Court, on alternative writ and return, without the taking of tes-

timony, to issue an order granting a peremptory writ as prayed for?

"THIRD. In alternative writ of mandamus directed to named city and to R. L. Bectelheimer, as 'Mayor-Commissioner,' Fred L. Touchton and J. Y. O'Neal, as members of the City Commission, where the return denies that R. L. Bectelheimer was 'Mayor-Commissioner' of said city, denies that there is an official of respondent city having the title 'Mayor-Commissioner,' avers that H. Y. O'Neal was no longer a member of the City Commission, and that R. S. Bectelheimer was the Mayor of said City, is it proper for the Court, on the alternative writ and return, without taking any evidence, to award a peremptory writ against R. L. Bectelheimer and J. Y. O'Neal as City Commissioners?"

The principles involved in the first question, insofar as that question is applicable to the record in this case, have been decided adversely to the contention of the plaintiff in error in the case of State, *ex rel.* Supreme Forest Woodmen Circle, v. Snow, *et al.,* 113 Fla. 241, 151 Sou. 393, and in the case of State, *ex rel.* Harris, v. City of Fort Pierce, 111 Fla. 174, 179 Sou. 338.

It will be observed that the alternative writ only required a levy sufficient to produce a fund adequate to pay $14,-250.00. It is alleged in the petition for alternative writ that the total amount required to pay all past due bonds and coupons, and the principal of bonds and coupons which will mature during the current fiscal year was $285,000.00. It is also alleged that there has been levied a millage of 21.9 mills and if this were collected in full it would realize approximately $31,000.00, but, that the levy has not been so earmarked as to be available exclusively, or any part thereof exclusively, for the payment of the relator's bonds. So the

case is on all-fours with that of State, *ex rel.* Harris, v. City of Fort Pierce, *supra,* insofar as this point is concerned.

The second question may be disposed of adversely to the contention of plaintiffs in error on authority of the same case, as well as upon authority of the opinion and judgment in the case of Sholtz, *et al.,* v. State, *ex rel.* Ben Hur Life Association, etc., filed at this Term of the Court.

The last question may be disposed of adversely to the contention of the plaintiffs in error on authority of the opinion and judgment in the case of State, *ex rel.* Andreu, *et al.,* v. Canfield, *et al.,* 40 Fla. 36, 23 Sou. 521, and Treat, *et al.,* v. State, *ex rel.* Winters, 114 Fla. 195, 154 Sou. 157. In the latter case we said:

"In this case the plaintiffs in error were sued in their official capacity as officers of the City of Winter Park by reason of the fact that such officers in their representative character constituted the governing authority of the municipality. As such they acted officially and solely on behalf of the city itself in taking this writ of error. In this view of the case it is not amiss to say that while the proceedings here dealt with was brought against the individual officers of the city as respondents to the writ of mandamus, yet the peremptory writ awarded is one that is in legal effect and to all intents and purposes, a peremptory writ against the city itself. This is so because the city was and is in all respects and at all times the real party in interest. Hence, the city through its officers becomes bound by the judgment of the court below when such judgment was entered against the city's officers, notwithstanding the particularly named individuals who represented it at the time may subsequently change or die."

The instant case is one in which that rule can be applied without question because here the municipality, as such, was

made respondent, while in the Winters case the municipality was not named as respondent. Neither was the municipality named a respondent in the Andreu case.

For the reasons stated, the judgment should be affirmed, with leave, however, to the court below to grant amendments to the alternative writ and the peremptory writ, if it should be deemed needful to do so to make effective the peremptory writ.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.