[No. 28581. *En Banc.* February 24, 1942.]

OLLIE EVANS, *Respondent,* v. MINNIE SWISHER, *as Treasurer of Grays Harbor County, et al., Appellants.*[1]

[1]Reported in 122 P. (2d) 503.

*Stanley J. Krause* and *Paul O. Manley,* for appellants.

*W. H. Abel* and *T. H. McKay,* for respondent.

STEINERT, J.—Plaintiff, Ollie Evans, commenced an action against Stephen Trask, treasurer of Grays Harbor county (in whose place as defendant his successor in office, Minnie Swisher, has been substituted), and against diking and drainage district No. 4 of that county and the city of Aberdeen, to reform a series of deeds issued to plaintiff by Trask upon the sale to plaintiff by the county of certain real estate which the county had previously acquired through general tax foreclosure proceedings, and, further, to quiet plaintiff's title to the property against any lien claims for assessments levied by the drainage district or the city prior to plaintiff's purchase of the real estate. Defendants Minnie Swisher, as treasurer, and the drainage district both appeared through the county attorney and his associate and interposed a general demurrer to the complaint. The city of Aberdeen, appearing separately, filed an answer and thereafter entered into some kind of stipulation with plaintiff; the nature of the answer and of the stipulation, however, are unknown to us, for neither of them appears in the record on appeal. The demurrer was overruled, and the defendants on whose behalf it was filed elected to stand thereon and refused to plead further. The case as between the plaintiff and the city was submitted to the court upon the pleadings and the stipulation referred to above, and the court entered a judgment awarding the relief prayed for in the complaint, as against all three defendants. The defendants Minnie

Swisher, as treasurer, and the drainage district have appealed to this court; the city, however, has not appealed.

The complaint sets forth eight causes of action, each involving virtually the same set of facts, except for dates and descriptions of property. The general tenor of each of these causes of action is substantially as follows: Over a period of years Grays Harbor county instituted actions to foreclose liens for delinquent taxes against the various real properties with which we are here concerned. Decrees of foreclosure were duly and regularly entered, and the properties were thereafter sold to the county, which then held them for a number of years.

During 1939 and 1940, the board of county commissioners issued orders for the sale of these tracts of land, directing the county treasurer to advertise and sell them to the highest bidder. The orders did not combine all, or any, of the lands so that they might be sold in one or more units, nor did the orders fix minimum prices for sales in such units, as might have been done at the option of the board under the provisions of Rem. Rev. Stat. (Sup.), § 11294 [P. C. § 6882-133]. Pursuant to these orders, and after the required publication of notice, the county treasurer conducted a number of sales, at which respondent was the highest bidder for each of the tracts involved in this suit. The sales were consummated by the payment of the respective bid prices, which in no instance exceeded the amount of the general taxes for which each of these properties had previously been sold to the county at tax foreclosure sale.

Pursuant to such sales, Stephen Trask, as treasurer of Grays Harbor county, executed to respondent a series of deeds covering the respective tracts. In each

of the deeds he inserted a provision reading substantially as follows:

"The above described real estate is sold subject to the lien of any or all local assessments falling due after the date of this instrument or of any or all drainage or sewerage improvement district assessments outstanding against said real estate. Attached to and made a part of Deed No...................."

It is this insertion which respondent seeks to have eliminated from the deeds, upon the theory that through her purchase from the county she acquired the lands free and clear of any and all liens against them for local improvement, diking, or drainage assessments existing at the date of the original purchase by the county, or coming due while the lands were held by the county and existing at the time of the purchase by respondent, and that she took them subject only to diking and drainage assessments not yet due at the date of the sale to her.

The complaint concludes with allegations that the city of Aberdeen and diking and drainage district No. 4 claim liens for assessments existing at the time of the sale of the lands to the county under general tax foreclosure or at the date of the sale by the county to respondent, and it is against these claimed liens that she seeks to have her title quieted.

Our disposition of this case as hereinafter made precludes any discussion of the issues upon their merits; but, in view of the fact that we have, in our preliminary statement, set forth the nature of the controversy, we deem it proper to say that appellants' demurrer presents a question of the construction and application of a number of statutes. It is appellants' contention that the provisions of certain of those statutes deprive respondent of the relief sought by her complaint. Rem.

Rev. Stat., § 4439-3 [P. C. § 1945-86b], contains this provision:

"Any property in any drainage or diking or sewerage improvement district sold under foreclosure for general taxes shall remain subject to the lien of all drainage and diking or sewerage improvement district assessments or installments thereof not yet due at the time of the decree of foreclosure and the complaint, decree of foreclosure, order of sale, sale, certificate of sale and deed shall so state."

Rem. Rev. Stat., § 4439-4 [P. C. § 1945-86c], provides, in part, as follows:

"Property subject to a drainage or diking or sewerage improvement district assessment, acquired by a county pursuant to a foreclosure and sale for general taxes, when offered for sale by the county, shall be offered for the amount of the general taxes for which the same was struck off to the county, together with all drainage or diking or sewerage improvement district assessments or installments thereof, due at the time of such resale, . . . and the property shall be sold subject to the lien of all drainage or diking or sewerage improvement district assessments or installments thereof not yet due at the time of such sale, and the notice of sale and deed shall so state. Provided, that the county board may in its discretion, sell said property at a lesser sum than the amount for which the property is offered in the notice of sale."

Then follows a provision for the application of the proceeds of such sale, first to the discharge in full of liens for general taxes for which the property has been sold, next to the discharge of drainage, diking, or sewerage improvement assessment liens, and, finally, if a surplus remains, to the discharge of outstanding local assessments levied by any authority other than that of the county. These two sections of the statute, from which we have just quoted, were analyzed and construed in the case of *Baldwin v. Frisbie*, 149 Wash. 294, 270 Pac. 1025.

Respondent, on the other hand, contending that she is entitled to a deed without the restrictive insertion mentioned above, relies upon other statutory provisions. Rem. Rev. Stat. (Sup.), § 11294, makes provision for the sale of real property acquired by the county through tax foreclosure proceedings. It further authorizes the board of county commissioners, if they deem it advantageous to the county, to combine for sale, in one or more units, any or all of the several lots and tracts of land so to be sold. If, however, the lands are to be sold in units, the board must fix a minimum price for each of such units, and shall direct the treasurer to sell the property included in the respective units at not less than the price or prices fixed by the board. In the case at bar, the board of commissioners did not combine any of the lands for sale in units and, for that reason, did not fix any minimum prices.

Rem. Rev. Stat., § 11295 [P. C. § 6882-134], sets forth specifically the form of deed which the county treasurer shall execute and issue for parcels of real property sold under the provisions of the preceding section. The form so specified by the statute recites that the county treasurer, as party of the first part, grants and conveys to the purchaser, as party of the second part, his heirs and assigns forever, the property therein described, "as fully and completely as the said party of the first part *can* by virtue of the premises convey the same." (Italics ours.)

The statutory form of deed contains nothing that would indicate that outstanding liens for assessments of any kind are excepted from the grant.

Attention is directed to the recent case of *Gengler v. King County, ante* p. 227, 121 P. (2d) 346, in which a similar problem, although involving other statutory provisions, was presented to this court.

If the case were properly before us on its merits,

it would call for a construction of these statutory provisions relative to liens for assessments imposed by drainage, or diking, or sewerage improvement districts, and to sale by counties of lands acquired through tax foreclosure proceedings, together with a decision as to their relative effects upon each other. For reasons presently to be advanced, however, we are not now permitted to adjudicate the merits of the case as presented by appellants' demurrer, and we therefore express no opinion concerning respondent's title to the property nor concerning the existence of liens or encumbrances claimed, or alleged to be claimed, by the drainage district or by the city.

After this appeal was initiated, but before the final argument thereon, respondent moved in this court that the appeal of both the treasurer and the drainage district be dismissed, upon the ground that neither of the appellants had filed an appeal bond in compliance with Rem. Rev. Stat., § 1721 [P. C. § 7295], which provides:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. But no bond or deposit shall be required when the appeal is taken by the state, or by a county, city, town or school district thereof, or by a defendant in a criminal action."

This statutory requirement is, by reference, reiterated by Rule VI(1), Rules of the Supreme Court, 193 Wash. 6-a.

In this instance, no bond was filed, nor was any deposit of cash made, by either of the appellants.

The requirements of the statute and of the rule are jurisdictional, and a failure to comply with them renders an appeal ineffectual for any purpose and therefore subject to dismissal. *Peddicord v. Lieser,* 5 Wn. (2d) 190, 105 P. (2d) 5.

The drainage district does not come within any of the exempted classes named in the statute, although there might seem as much reason for excepting such districts from the operation of the statute as for favoring school districts in that way. But that is a matter for the legislature to determine, and under the statute as it presently exists the appeal of the drainage district must be dismissed.

The appeal of Minnie Swisher, as treasurer of Grays Harbor county, however, stands upon a different footing and is not subject to dismissal on the specific ground advanced by respondent. Her predecessor in office, Stephen Trask, was made a party to the action, not in his individual capacity, but solely in his capacity as treasurer of the county. Upon her substitution in place of Trask, Minnie Swisher appeared and contested the action in her official capacity alone. She is one of the county officers upon whom devolve the duties arising in connection with the sale of real property acquired by the county under tax foreclosure proceedings. As treasurer she is required by statute to make conveyances of such properties when sold by the county. In making the conveyances of the properties here involved, her predecessor was representing the county, and in the transactions with respondent the county, in turn, was acting through him, its treasurer at that time. So far as the sales by the county and the consequent litigation are concerned, the county, rather than its treasurer, is the immediate real party in interest contesting the action brought by respondent.

Where an action, brought against an officer of a

county or other political subdivision of the state, is directed against some official act of such officer, and the municipal corporation has an actual legal interest in such act or in the matter to which it relates, and the action does not involve merely the officer's own conduct in unreasonably and capriciously refusing to perform some purely administrative duty imposed upon him by virtue of his office, the municipal corporation is the real party in interest, so far as appellate procedure is concerned. As a result, if the municipal corporation is one of those which Rem. Rev. Stat., § 1721, expressly exempts from giving bond on an appeal taken directly by it, then the municipal officer against whom the action is nominally brought also comes within the purview of the statute and is likewise exempted from giving such bond. *Townsend Gas & Elec. Light Co. v. Hill,* 24 Wash. 469, 64 Pac. 778; *Corbett v. Civil Service Commission,* 33 Wash. 190, 73 Pac. 1116; *Parish v. Collins,* 43 Wash. 392, 86 Pac. 557. Accord, *State ex rel. Smith v. Blumberg,* 34 Wash. 640, 76 Pac. 272; *Seattle Taxicab & Transfer Co. v. Seattle,* 86 Wash. 594, 602, 150 Pac. 1134, 1137; *State ex rel. Fleming v. Cohn, ante* p. 415, 121 P. (2d) 954.

The case of *Public Utility District No. 1 v. Girard,* 198 Wash. 149, 87 P. (2d) 287, relied upon by the respondent, merely states the general rule with reference to the necessity, as a jurisdictional matter, of filing an appeal bond, and does not in any way discuss the particular question involved here, notably the extent of the exceptions to the statutory requirement.

We are of the opinion that, so far as the specific ground of respondent's motion is concerned, Grays Harbor county was, as between it and the treasurer, the real party in interest and that therefore the treasurer,

on taking the appeal, was not required to file an appeal bond.

■ This disposition of respondent's motion to dismiss does not, however, warrant us in proceeding to the merits of the case, for we are convinced that there remains a valid ground upon which a dismissal of the county's appeal may be predicated and upon which the court must, of its own motion, take action.

It will be recalled, from our statement of the case, that the properties here involved were sold to respondent for amounts not in excess of the general taxes for which they had been previously sold to the county at the general tax foreclosure sale. In other words, the county had conveyed to respondent its entire interest in the properties and had received in its own right and to its own exclusive use the full purchase price paid therefor. It has no further interest in the lands and cannot possibly be affected by the outcome of this litigation if considered on its merits. If the treasurer should be required to modify the deeds by eliminating therefrom the restrictive provisions of which plaintiff complains, the county would sustain no loss or prejudice; and if the restrictive provision were retained, the county would derive no benefit therefrom. Whatever concern the county may originally have had in the matters giving rise to this action, that concern grew out of the possibility of controversy between it and the drainage district or the city in the event that this court might so construe the relevant statutes as to affect the respective rights of the various municipal corporations involved. That possibility, however, has now been removed, for the reason that the city has not appealed from the judgment of the trial court and the appeal therefrom by the drainage district has been found to be ineffectual. In truth, therefore, it must be said that the county has no justiciable interest in this litigation.

Its appeal, nominally brought by its treasurer, must therefore, be dismissed like that concurrently brought by the drainage district. It is so ordered.

ALL CONCUR.

