[No. 25379.   Department Two.   April 22, 1935.]

THE STATE OF WASHINGTON, *on the Relation of* WALTER
J. ROBINSON, *as State Director of Agriculture,
Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE
COUNTY *et al., Respondents.*[1]

*The Attorney General* and *Geo. G. Hannan, Assistant,* for relator.

*H. E. T. Herman* and *Robert R. Pence,* for respondents.

*Allen, Froude & Hilen, amicus curiae.*

STEINERT, J.—This is an application for a writ of prohibition to compel the superior court of Spokane county to desist from further proceedings in a case pending before it.

On September 20, 1934, Paul E. Newport, doing business under the name of Benewah Creamery, commenced an action in the superior court for Spokane county against Walter J. Robinson, director of agriculture of the state of Washington, to prevent the latter from revoking Newport's license to do business under the provisions of the Washington agricultural

[1]Reported in 43 P. (2d) 993.

adjustment act, chapter 12, Laws of 1933, Ex. Sess., p. 26, Rem. 1934 Sup., § 3035-1 [P. C. § 77-11] *et seq.* In his complaint, Newport alleged that the director had, on September 8, 1934, served upon him a "notice of hearing on revocation of license," charging him with failing to maintain the price of ice cream as fixed by order of the department of agriculture, promulgated under the above act. It was further alleged in the complaint that the order of the director fixing the price of ice cream was wrongfully, arbitrarily and capriciously made, without sanction of law, and was wholly unauthorized by the Washington agricultural adjustment act or any other law of the state of Washington.

A temporary restraining order addressed to the director was issued by the court. In response thereto, the director appeared specially and moved to quash the summons and restraining order, and the service thereof, on the ground that, being a state officer, he could not be sued in Spokane county, but only in Thurston county, the seat of the state government. After argument, the court indicated its intention to deny the motion and to proceed with the case. The application for writ of prohibition was then made in this court.

The question presented by this particular proceeding is whether or not the superior court for Spokane county has jurisdiction of the relator and the subject matter of the action pending before it. The answer to that question follows as a consequence of two recent decisions affecting the Washington agricultural adjustment act. In *Uhden, Inc. v. Greenough,* ante p. 412, 43 P. (2d) 983, and *Griffiths v. Robinson,* ante p. 438, 43 P. (2d) 977, we held that the act, in so far as it purported to confer authority upon the director to promulgate and enforce rules and orders of the kind

here involved, was an unauthorized delegation of legislative power, and was, therefore, unconstitutional and void. Those decisions necessarily dispose of the question whether the director has the right to cancel a license for violation of the particular order involved in this action.

Under those decisions, the director had no power at all to promulgate the order complained of, and his threatened action to revoke Newport's license was without the zone, and wholly in excess, of his authority. Under such circumstances, the action is one, not against the state, but against the officer acting without the scope of his authority. *State v. Superior Court,* 167 Wash. 334, 9 P. (2d) 70; *Smith v. Ames,* 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; *Ex parte Young,* 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932; *Truax v. Raich,* 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, Ann. Cas. 1917B, 283, L. R. A. 1916D, 545; *Sterling v. Constantin,* 287 U. S. 378, 53 S. Ct. 190, 77 L. Ed. 375; *Ex parte La Prade,* 289 U. S. 444, 53 S. Ct. 682, 77 L. Ed. 1311. The action is, therefore, maintainable in Spokane county.

The application for a peremptory writ is denied.

MILLARD, C. J., BEALS, BLAKE, and HOLCOMB, JJ., concur.