[No. 25714. Department Two. June 25, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Walter J. Robinson, as Director of the State Department of Agriculture, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*The Attorney General* and *Geo. G. Hannan, Assistant (E. J. Eagen,* of counsel), for relator.

*Roberts & Skeel,* for respondent.

*Allen, Froude & Hilen, amicus curiae.*

STEINERT, J.—This proceeding is upon the application for a writ of prohibition to compel the superior court for King county to desist and refrain from further proceedings in a cause pending before it.

At its special or extraordinary session of 1933-1934, the legislature of this state enacted what is known as the Washington agricultural adjustment act. (Chapter 12, Laws of 1933, Ex. Ses., p. 26, Rem. 1934 Supp., § 3035-1 [P. C. § 77-11], *et seq.*) That act will hereinafter be referred to as "the 1933 act." Pursuant to

[1]Reported in 46 P. (2d) 1046.

the act, the director of agriculture, relator herein, promulgated a series of orders affecting the production, sale and distribution of various classes of food products throughout the state. The validity of the act was subsequently questioned in a number of suits brought against the director, and, upon two appeals to this court, the act was declared invalid because of its unauthorized delegation of legislative powers. *Uhden, Inc., v. Greenough*, 181 Wash. 412, 43 P. (2d) 983; *Griffiths v. Robinson*, 181 Wash. 438, 43 P. (2d) 977.

While the two cases last mentioned were still pending, and before decision therein by this court, the legislature in its 1935 session enacted what is, likewise, termed as the Washington agricultural adjustment act. (Chapter 78, Laws of 1935, p. 170.) That act will hereinafter be referred to as "the 1935 act." The 1935 act not only contains all the vital provisions and elements of the 1933 act, but extends and broadens them.

After the 1935 act had become effective, an action, out of which this proceeding subsequently grew, was instituted in the superior court for King county. The plaintiffs in that action consisted of a consumer, a farmer who was selling his products at retail at a public market, and a number of retail merchants. The defendants included the director of agriculture and a number of wholesalers and jobbers of food products in Seattle. The complaint alleged *in extenso* that, in pursuance of the orders above mentioned, the director was threatening to cancel the licenses of the several retail plaintiffs, prohibit them from handling food products, and prosecute them criminally, unless they complied with such orders. By specific recitals, also, the complaint alleged that the act, or acts, under which such orders were promulgated, were violative of various sections of both the state and the United States

constitutions. Upon these allegations, the complaint sought (1) to restrain the director from enforcing the orders and marketing agreements promulgated or made by him under the 1933 act, and (2) to have the 1935 act declared unconstitutional and to prevent the defendants from taking any action thereunder.

In response to an order to show cause why a temporary injunction should not issue, the director appeared specially in the action and moved to quash the order, on the ground that he was a state officer and was not subject to be sued in his official capacity except in Thurston county, the seat of state government, and that the superior court for King county had no jurisdiction over him in such capacity. The court denied the motion to quash and ruled that it would proceed with a hearing upon the cause of action stated in the complaint before it. The application for prohibition was then made in this court.

The principal question, and, under our view of the case, the only question, now properly before us, is whether the superior court had jurisdiction to proceed in the cause pending before it.

Article II, § 26, of the state constitution provides that the legislature shall direct by law in what manner and in what courts suits may be brought against the state. Rem. Rev. Stat., § 886 [P. C. § 6260], provides that persons having claims against the state shall have a right of action against the state in the superior court of Thurston county. In the light of the above constitutional provision, the term "claim" as used in the statute has the same meaning as the phrase "cause of action." *Northwestern etc., Bank v. State,* 18 Wash. 73, 50 Pac. 586, 42 L. R. A. 33; *Billings v. State,* 27 Wash. 288, 67 Pac. 583; *Riddoch v. State,* 68 Wash. 329, 123 Pac. 450, Ann. Cas. 1913E, 1033, 42 L. R. A. (N. S.) 251. An action cannot be

maintained against the state without its consent, and when the state does so consent, it may fix the place in which it may be sued. *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108. As to these principles, there is no dispute.

The question thus narrows itself to this: Is the action which was brought in the superior court an action against the state? If it is, then it can be maintained only in Thurston county, and the motion to quash the writ should have been granted. If it is not an action against the state, then the rule of immunity does not apply.

It is now settled beyond question that a suit against state officers in which an attack is made against the constitutionality of a state statute is not a suit against the state. *Ex parte Young,* 209 U. S. 123, 28 S. Ct. 441, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; *Western Union Telegraph Co. v. Andrews,* 216 U. S. 165, 30 S. Ct. 286; *Herndon v. Chicago, R. I. & P. Ry. Co.,* 218 U. S. 135, 30 S. Ct. 633; *Truax v. Raich,* 239 U. S. 33, 36 S. Ct. 7, Ann Cas. 1917B, 287, L. R. A. 1916D, 545; *Looney v. Crane Co.,* 245 U. S. 178, 38 S. Ct. 85; *Public Service Co. v. Corboy,* 250 U. S. 153, 39 S. Ct. 440; *Sterling v. Constantin,* 287 U. S. 378, 53 S. Ct. 190; *Ex parte LaPrade,* 289 U. S. 444, 53 S. Ct. 682; *Dennison Mfg. Co. v. Wright,* 156 Ga. 789, 120 S. E. 120; *Fergus v. Russel,* 270 Ill. 304, 110 N. E. 130, Ann. Cas. 1916B, 1120; *Commonwealth v. Norman,* 249 Mass. 123, 144 N. E. 66; *Merchants' Exchange v. Knott,* 212 Mo. 616, 111 S. W. 565; *Ware Shoals Mfg. Co. v. Jones,* 78 S. C. 211, 58 S. E. 811; *White Eagle Oil & Refining Co. v. Gunderson,* 48 S. D. 608, 205 N. W. 614, 43 A. L. R. 397; *Cochran v. Cavanaugh,* 252 S. W. (Tex Civ. App.) 284; *Coal & Coke Ry. Co. v. Conley,* 67 W. Va. 129, 67 S. E. 613; *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885,

128 Am. St. 1061, 17 L. R. A. (N. S.) 486; 25 R. C. L. p. 414, § 51; 59 C. J. p. 310, § 465.

In *Ex parte Young, supra,* the United States supreme court said, at p. 159:

"The act to be enforced is alleged to be unconstitutional, and if it be so, the use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of and one which does not affect the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional. If the act which the state Attorney General seeks to enforce be a violation of the Federal Constitution, the officer in proceeding under such enactment comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct."

In *Truax v. Raich, supra,* the court said, at p. 37:

"As the bill is framed upon the theory that the act is unconstitutional, and that the defendants who are public officers concerned with the enforcement of the laws of the State are about to proceed wrongfully to the complainant's injury through interference with his employment, it is established that the suit cannot be regarded as one against the State. Whatever doubt existed in this class of cases was removed by the decision in *Ex parte Young,* 209 U. S. 123, 155, 161, which has repeatedly been followed. [Citing cases.]"

We will not quote from the other cases cited. They all contain statements to the same effect.

It is contended by the relator, however, that a different rule applies in this state. We will, therefore, briefly notice the cases in this jurisdiction that have touched upon the subject. *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108, laid down the rule, already given in the early part of this

opinion, that the state may not be sued without its consent and, when it does so consent, may fix the place in which it may be sued. The action in that case was one to restrain state officers from certifying that certain sums payable out of the state treasury had been earned in the performance of a contract in which the state had an interest, and from drawing warrants on the state treasury in payment of such certificates, if presented. No question regarding the constitutionality of any statute under which the officers were proceeding, or threatening to proceed, was involved. That distinction must have been in the mind of the court when it used this language, at p. 689:

"They [the officers] are not charged with acting in excess of the authority conferred upon them by law, nor is it charged that the law under which they are acting is for any reason void. The charge is, on the contrary, that a contract in which the state has an interest, and which, if valid, makes a charge upon the state's funds, is void because of fraud in its inception. Clearly we think such a suit, even though brought against its officer, must in effect be a suit against the state."

In *State v. Superior Court*, 167 Wash. 334, 9 P. (2d) 70, suit was brought against certain state officers to restrain them from raising the grade of a street on which plaintiff's property abutted, it being alleged that no proceedings had been previously had to ascertain plaintiff's damage. A temporary restraining order having been granted, the defendants petitioned this court for a writ of prohibition, making the contention that the action in Walla Walla county was an action against the state and could, therefore, be brought only in Thurston county. Referring to the *Pierce County* case, *supra,* and after quoting therefrom, the opinion says, at p. 337:

"We carefully pointed out in that case that the funds there involved were the funds of the state, and that the officers were not charged with acting in excess of the authority conferred upon them by law. Here, the contrary is alleged by plaintiffs in the principal action."

Unless the distinguishing features pointed out in these two cases lead to the application of different rules, there would have been no occasion to refer to them.

The case of *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693, is the one chiefly relied on by the relator in this case. In that case, it was held that an action brought to enjoin the regents of the state university from charging the plaintiff more than a certain prescribed entrance fee, was an action against the state and could be maintained only in Thurston county. That case, however, is clearly distinguishable from this in several respects. In the first place, the constitutionality of a statute was not involved. To the contrary, the contention of the plaintiff was that the officers were refusing to comply with a statute in full force and effect. Here, the constitutionality of a statute lies at the very basis of the action. In the next place, the relief there sought affected the right of the state to collect revenues to be paid into the state treasury. Here, whatever assessments the state may collect under the act are, at most, but incidental to the administration of the act and are in no sense general revenues of the state. In the third place, the collection of tuition fees affected a valuable and vital interest of the state, namely, the maintenance of its university. Here, while the state may, as a matter of policy, be concerned in the welfare of its producers, the act itself does not relate to anything which is the property of the state or to any right in which the state is concerned.

That case was correctly decided under the facts before the court, but it presented a situation wholly different, both in fact and in principle, from the one here.

In *State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993, it was held that an action to restrain the director of agriculture from further acting under orders promulgated under the act of 1933, which had been declared unconstitutional, was not an action against the state, but one against the officer acting without the scope of his authority. This case differs from that in one particular only. The constitutionality or unconstitutionality of the 1935 act has not yet been determined, whereas the act of 1933 had been declared unconstitutional prior to the decision of that case. In view of what we have already said herein, however, that distinction is immaterial. The same rule applies in both cases.

Analysis of our decisions upon the subject discloses that they are in harmony with the general rule, already stated. Our conclusion is that the action in King county is not to be classed as an action against the state, and therefore was not required to be brought in Thurston county.

The application for writ of prohibition is denied.

MILLARD, C. J., HOLCOMB, BLAKE, and MITCHELL, JJ., concur.