[No. 25989. *En Banc.* April 15, 1936.]

J. H. WEBER *et al., Respondents,* v. SCHOOL DISTRICT No. 7 OF YAKIMA COUNTY, *Cross-appellant,* H. H. HENNEFORD *et al., Appellants.*[1]

[1]Reported in 56 P. (2d) 707.

698

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellants.

*Cheney & Hutcheson* and *Rigg, Brown & Halverson,* for respondents and cross-appellant.

MILLARD, C. J.—This action was instituted by the plaintiffs as trustees of a voluntary athletic association. Summarized, the allegations of the complaint are as follows:

The plaintiffs are not engaged in any activity for the object of gain, benefit or advantage to themselves or to any other person or class, directly or indirectly. The defendant school district is a duly organized and existing municipal corporation. The defendants Henneford, Hedges and Jenner are members of the state tax commission.

For the purpose of providing recreation and amusement for the people of Yakima and vicinity, and for the purpose of providing revenue for the defendant school district from the use of an athletic field owned by defendant school district in the city of Yakima, the plaintiffs, during the months of April to August, 1935, conducted a series of baseball games in the city of Yakima. The defendant tax commissioners, without warrant of law, claim that the plaintiffs are liable for a tax on admissions to the baseball games and a business tax on their activities under the provisions of chapter 180, Laws of 1935, p. 706 (Rem. 1935 Sup., § 8370-1 [P. C. § 7030-61] *et seq.*). In order to protect themselves, the plaintiffs have retained the amount of the tax from the proceeds of the games and tender the same into court. If, by its terms, chapter 180, Laws of 1935, p. 706, applies to the conduct of the baseball games, the law is unconstitutional as a tax on the property of a school district, a municipal corporation.

Plaintiffs pray that the court adjudge them not to be liable for the tax, and that the amount tendered into court be decreed to be the property of the defendant school district. The plaintiffs further pray that the defendant tax commissioners be enjoined from harassing plaintiffs or interfering with them in the conduct of baseball games.

The defendant school district answered, admitting all the allegations of the complaint and affirmatively alleging that the athletic park referred to in the complaint was owned by the school district and operated by it as a part of its activity; and that, in order to provide for the improvement and maintenance of the property, the school district arranged with the plaintiffs to conduct baseball games thereon and to pay all proceeds therefrom in excess of the actual expenses of the games to the school district.

The defendant school district further alleged that all moneys derived from the games should go into the general fund of the school district, and that the attempt of the tax commission to levy and collect taxes on admission fees was a direct taxation upon the property of the school district.

Defendant tax commissioners appeared specially and separately moved for an order quashing the summons upon the grounds: (1) That the court had no jurisdiction of the subject matter; (2) that the action was, in truth and in fact, an action against the state, of which defendant tax commissioners were merely agents for the collection of state revenues, and that the action could therefore be maintained, if at all, only in the superior court for Thurston county; and (3) that under §§ 198 and 199, chapter 180, Laws of 1935, p. 837 (Rem. 1935 Sup., §§ 8370-198, 8370-199 [P. C. §§ 7030-258, 7030-259]), the action was main-

tainable, if at all, only in the superior court for Thurston county. The motion was overruled.

Still reserving their special appearance, defendant tax commissioners demurred to the complaint. The demurrer was likewise overruled.

Still reserving their special appearance, defendant tax commissioners answered, claiming that plaintiffs were liable for an admission tax and a business tax under the provisions of chapter 180, Laws of 1935, p. 706.

Thereafter, plaintiffs filed a supplemental complaint, alleging that they were then depositing in court the additional sum of $430.28, retained from the proceeds of said games, which sum equaled the amount of the tax if plaintiffs or any other persons were liable therefor, from the date of the complaint until the end of the season, September 15, 1935.

The cause was tried to the court, which entered its judgment decreeing that the moneys paid into court by plaintiffs belonged to the defendant tax commissioners as admission taxes, but that plaintiffs were not liable for the occupational tax, and restraining the defendant tax commissioners from attempting to collect same from plaintiffs or any of them. Defendant tax commissioners have appealed. Defendant school district has cross-appealed from that portion of the judgment requiring payment of the admissions tax.

█ Clearly, the superior court for Yakima county was without jurisdiction to proceed in the cause. The sole purpose of this action was to determine the title to the amount of money deposited by the respondents in the superior court for Yakima county. It was not alleged or contended in the trial court, nor was it argued on appeal, that the appellant tax commissioners claimed this money as individuals. They

claimed it only as agents of the state. It follows that the action was, in fact, an action against the state, hence could only be maintained in the superior court for Thurston county.

The case at bar is not distinguishable in principle from *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693. In the cited case, we held that an action against the regents of the state university to enjoin them from collecting a fifty-dollar tuition fee from a student domiciled in this state, contrary to the provisions of Laws of 1931, p. 162, § 1 (Rem. Rev. Stat., § 4546 [P. C. § 4769]), was, in effect, an action against the state, which must be brought in Thurston county, since the relief sought affects the right of the state to collect revenue paid into the state treasury.

*State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993; and *State ex rel. Robinson v. Superior Court,* 182 Wash. 277, 46 P. (2d) 1046, upon which respondents and cross-appellants rely, are not in point. Those two cases did not involve the general revenues of the state.

We held in *State ex rel. Slade v. Jones,* 182 Wash. 94, 45 P. (2d) 30, that one bringing an action against the state for damages for taking real estate in its sovereign capacity can maintain his action only in Thurston county, in view of Rem. Rev. Stat., § 886 [P. C. § 6260], which provides that persons having claims against the state shall have a right of action against the state in the superior court for Thurston county. That statute was enacted pursuant to the permission, without which no suit may be maintained, granted by our state constitution. The pertinent constitutional provision is to the effect that the legislature shall direct by law in what manner and in what courts suits may be brought against the state. Art. 2, § 26, Washington Constitution.

In the case just above cited, we said:

"In *State ex rel. Robinson v. Superior Court,* 181 Wash. 541, 43 P. (2d) 993, we held that an action against a state officer, acting without the scope of his lawful authority, was not one against the state and was properly maintainable in the county where the unlawful acts were being committed, citing as one of the authorities therefor the *Walla Walla* case, *supra.*

"This is not such a case, but is an action against the state purely upon money claims. In such cases, the state has an undoubted right to determine the forum in which it will be sued. It has declared that the superior court for Thurston county is the forum in which it consents to be sued upon such money demands as are involved herein."

In *State ex rel. Robinson v. Superior Court,* 182 Wash. 277, 46 P. (2d) 1046, we distinguished *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693, in the following language:

"The case of *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693, is the one chiefly relied on by the relator in this case. In that case, it was held that an action brought to enjoin the regents of the state university from charging the plaintiff more than a certain prescribed entrance fee, was an action against the state and could be maintained only in Thurston county. That case, however, is clearly distinguishable from this in several respects. In the first place, the constitutionality of a statute was not involved. To the contrary, the contention of the plaintiff was that the officers were refusing to comply with a statute in full force and effect. Here, the constitutionality of a statute lies at the very basis of the action. In the next place, the relief there sought affected the right of the state to collect revenues to be paid into the state treasury. Here, whatever assessments the state may collect under the act are, at most, but incidental to the administration of the act and are in no sense general revenues of the state. In the third place, the collection of tuition fees affected a valuable and vital interest of the state, namely, the maintenance of its

university. Here, while the state may, as a matter of policy, be concerned in the welfare of its producers, the act itself does not relate to anything which is the property of the state or to any right in which the state is concerned. That case was correctly decided under the facts before the court, but it presented a situation wholly different, both in fact and in principle, from the one here.''

The case at bar is indistinguishable, as stated above, in principle, from *State ex rel. Pate v. Johns*, 170 Wash. 125, 15 P. (2d) 693. In both cases, the right of the state to collect revenues to be paid into the state treasury is directly involved, and ''a valuable and vital interest of the state, namely, the maintenance of its'' schools is directly affected—the greater part of the revenue collected is deposited to the credit of the state current school fund and other funds of the schools of higher learning. Laws of 1935, p. 846, § 211, Rem. 1935 Sup., § 8370-211 [P. C. § 7030-271].

The only purpose of this action was to determine whether the respondents were exempt under the revenue act of 1935 from the tax in question. It is patent that the allegation of unconstitutionality was not intended to test the constitutionality of the act, but was advanced in the hope that the superior court for Yakima county would be thereby given jurisdiction of the cause. An action can not be maintained against the state without its consent, and when the state does so consent, it may fix the place in which it may be sued.

The position of the respondents and the cross-appellant can not be sustained in this court. To do so would be to defeat the manifest intent of the legislature to require litigants against the state to prosecute their actions in the superior court for Thurston county. Section 199, chapter 180, Laws of 1935, p. 837, pro-

vides that any person, having paid any tax as required by the act and feeling aggrieved by the amount of such tax, may appeal to the superior court for Thurston county in the manner therein provided, and that the trial of such appeal shall be *de novo* and without the necessity of any pleadings other than the notice of appeal. From the judgment on such appeal, an appeal may be taken to the supreme court. Section 199 further provides:

" . . . It shall not be necessary for the tax-payer to protest against the payment of any tax or to make any demand to have the same refunded or to petition the tax commission for a hearing in order to appeal to the superior court, as herein provided; but no court action or proceeding of any kind shall be maintained by the taxpayer to recover any tax paid, or any part thereof, except as herein provided." Rem. 1935 Sup., § 8370-199 [P. C. § 7030-259].

Section 198, chapter 180, Laws of 1935, p. 837, reads as follows:

"Sec. 198. All taxes, penalties and interest imposed under the provisions of this act shall be paid in full before any action may be instituted in any court to contest all or any part of such tax, penalties or interest. No restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty imposed by this act, or any part thereof, except upon the ground that the assessment thereof was in violation of the constitution of the United States or that of the State of Washington." Rem. 1935 Sup., § 8370-198 [P. C. § 7030-258].

If the protesting taxpayer has paid the tax of which he complains into court, it is clear, as *The Attorney General* contends, that such taxpayer is not entitled to injunctive relief, for in such case the sole province of the court is to adjudicate ownership of the moneys so tendered. If the disputed tax is paid,

it is required, under the provisions of §§ 198 and 199, chapter 180, Laws of 1935, p. 837, to be paid to the tax commission, and the validity of the taxpayer's protest determined in the appeal provided by § 199, p. 837.

Respondents and cross-appellant could not by a suit in the nature of an interpleader action confer jurisdiction on the superior court for Yakima county. The proceeding must be maintained in the superior court for Thurston county, and not elsewhere. As stated above, an action can not be maintained against the state without its consent, and when the state does so consent, it may fix the place in which it may be sued.

The judgment should be reversed, and the cause remanded for a dismissal. It is so ordered.

TOLMAN, MAIN, MITCHELL, BEALS, BLAKE, STEINERT, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—This is an interpleader action brought under Rem. Rev. Stat., §§ 198, 199 and 200 [P. C. §§ 8279, 8282 and 8283], of the practice act.

The statutes and cases cited by the majority are not those which govern this right of action. The receipts of the activities conducted by the athletic association were wholly received in Yakima county and payable there only. The association could not have brought an action in Thurston county in interpleader under our statute.

The judgment should be affirmed. I therefore dissent.