[Nos. 28485, 28486. *En Banc.* February 10, 1942.]

THE STATE OF WASHINGTON *on the Relation of C. Gordon Fleming, Respondent,* v. DAVE S. COHN *et al., Appellants.*

THE STATE OF WASHINGTON *on the Relation of A. V. Romano, Respondent,* v. DAVE S. COHN *et al., Appellants.*[1]

[1]Reported in 121 P. (2d) 954.

*The Attorney General* and *John E. Belcher, Assistant,* for appellants.

*Kennett & Benton,* for respondents.

BEALS, J.—Rem. Rev. Stat., § 10185-1 [P. C. § 3726-11] *et seq.,* provide, *inter alia,* that any person desiring to apply for a license to practice in this state any branch of therapeutics must first pass a preliminary basic science examination given semiannually under the direction and control of a committee of five appointed by the governor. Section 10185-5 [P. C. § 3726-15] provides:

"If an applicant for examination shall pass with an average of not less than seventy-five per cent, and a grade in each of said subjects of not less than seventy per cent, the committee shall issue to the applicant a certificate signed by the members of the committee giving the grades in each subject, . . . "

Relators C. Gordon Fleming and A. V. Romano took this examination several times, without succeeding in obtaining a passing grade. Each relator again presented himself for examination in July, 1940, neither receiving a grade sufficient to entitle him to a certificate showing that he had successfully passed the examination. The examining committee accordingly refused to issue such certificates, whereupon relators, alleging that such refusal was capricious and arbitrary, appeared before the superior court, each asking an alternative writ of mandate requiring that the members of the basic science examining board, who were named as respondents, issue to each relator a certificate showing that he had passed the examination, or show cause why such certificate should not be issued. Dave S. Cohn, as director of licenses of the state of Washington, was also named as a respondent.

In his application for the writ, each relator alleged

that he had properly qualified to take the examination, and that he had in fact

"  .  .  .  passed with a grade of more than 70 in each subject on which he was examined and his average of all the subjects on which he was examined was more than 75% in the examination as given,"

but that the examining board, in marking the examination papers, had not assigned to each relator true or proper grades based upon the answers written by relators, respectively, to questions propounded in the examination, but that, on the contrary, the members of the examining board had, in grading relators' examination papers, adopted a standard of grading different than that applied to the papers of other applicants who took the examination, in that certain answers given by relators on their papers were graded wrong, whereas the same identical answers were graded as correct on the papers of other examinees. Relators also alleged that in other particulars the examining board had discriminated unfairly, unjustly, and illegally as against them.

The two proceedings were consolidated for trial, and were heard by the court, sitting without a jury. Findings of fact and judgment were entered in each proceeding in favor of the relator. The actions were dismissed as to respondent Cohn, and in each proceeding a judgment was signed, reciting that the relator therein was entitled to the issuance of a peremptory writ of mandate requiring the respondents to forthwith issue to the relator the certificate provided for. by § 5, chapter 183, p. 221, Laws of 1927, Rem. Rev. Stat., § 10185-5 [P. C. § 3726-15], showing that relator had satisfactorily passed the basic science examination, etc.

Writs of mandate were issued in accordance with the

judgments, and, from the judgments, respondents, as members of the basic science examining board of the state of Washington, have appealed to this court. The attorney general represented appellants before the trial court, and represents them on this appeal. No appeal bond was filed on behalf of appellants in either case, and for this reason each relator respondent has moved to dismiss the appeal in the action which he instituted.

Exactly the same questions are presented in each appeal, and the actions having been consolidated for trial before the superior court, and by stipulation consolidated for hearing before this court, the two appeals will be considered together.

The state was not named as a party to either action. We shall hereinafter refer to relators as respondents, and to the members of the basic science examining board as appellants.

■■■ Rem. Rev. Stat., §§ 888 and 1721 [P. C. §§ 6262 and 7295], provide, respectively, as follows:

"§ 888. The attorney general or his assistant shall appear and act as counsel for the state. The action shall proceed in all respects as other actions. Appeals may be taken to the supreme court of the state as in other actions or proceedings, but in case an appeal shall be taken on behalf of the state, no bond shall be required of the appellant."

"§ 1721. An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. But no bond or deposit shall be required when the appeal is taken by the state, or

by a county, city, town or school district thereof, or by a defendant in a criminal action."

Appellants vigorously contend that the actions are against the state, and that, under the sections of the statute above referred to, appeal bonds on behalf of appellants are not required.

The general rule is that, before a state or any municipal corporation or unit may be considered a party to an action or proceeding brought only against its officers as such, the political unit must in fact be the real party in interest. 59 C. J. 307, §§ 463-4. Certain decisions of this court, in which this question was considered, will be discussed hereafter. In this connection, the phrase "real party in interest" is here used in its ordinary legal connotation.

In the early case of *Townsend Gas & Electric Co. v. Hill,* 24 Wash. 469, 64 Pac. 778, a writ of mandate was sought against the defendants as mayor and clerk, respectively, of the city of Port Townsend, requiring them to issue to the relator warrants drawn upon the current expense fund of the city, in payment of a balance due from the city on a judgment, and also a claim which had been allowed by the city council. From a judgment granting a writ of mandate, the defendants appealed. A motion to dismiss the appeal for want of an appeal bond was denied, this court being of the opinion that the action was brought against the appellants as officers of the city, and not in their individual capacity. In this connection, the court said:

"We think it is clear that the city is the real party in interest, and therefore the same exemption applies here that would have applied had the city itself been the appellant."

The writ of mandate which the court granted directed the disbursement from the city's expense fund. Be-

cause there was a controverted question concerning from what fund the obligation was payable, the city was manifestly the real party in interest.

In the case of *State ex rel. Smith v. Blumberg*, 34 Wash. 640, 76 Pac. 272, an appeal from a judgment granting a writ of mandate requiring the defendant as auditor of Skagit county to issue a warrant in satisfaction of a judgment which had been rendered against the county was dismissed because the appellant auditor had filed no appeal bond. It appeared that the judgment referred to had been regularly entered, that the holder thereof had satisfied the same and presented to the county auditor a certified transcript of the docket showing the judgment and its satisfaction, and that the auditor had, upon the record as presented to him, refused to issue the warrant demanded. In the course of the opinion this court said:

"In the case at bar, however, the county is not litigating any question. The debt was established by the judgment. The latter was uncontested by appeal, and the obligation is ascertained and fixed. The judgment shows, upon its face, that it was based upon a simple contract for physician's services, rendered to indigent persons as county charges. There can be no question as to the fund from which the debt should be paid, and no such question is raised in appellant's pleadings. As an excuse for refusing to discharge his duty and issue the warrant, appellant, merely in a collateral manner, attempts to attack the judgment, which is regular upon its face, and in the validity of which the county itself has acquiesced by not contesting in a direct manner. The obligation being judicially and finally established, must, at least eventually, be met by the county, regardless of this litigation in which appellant, by his own course, has become involved. Appellant's duty to issue the warrant was therefore plain, and one which the county, by its course in the premises, must, from a legal standpoint at least, have expected him to discharge. The county has, there-

fore, no interest in appellant's attempted justification, or in the appeal, but the appeal is in his own behalf.

"In *Townsend Gas etc. Co. v. Hill, supra,* the construction of the statute certainly extended the rule as far as any inference to be drawn from the statute will warrant, and we do not think it should be construed to include such a case as this, where only a clear, ordinary duty of the officer is involved, and where the municipality can have no contestable interest. The test is not simply that the officer is designated as such in the suit, but rather whether the action involves merely his own conduct and duty, or includes something of actual interest to the municipality."

In the case of *State ex rel. Pate v. Johns,* 170 Wash. 125, 15 P. (2d) 693, it appeared that the superior court granted a motion to quash service in an action against the regents of the state university, brought to enjoin them from collecting a tuition fee from a student domiciled in this state, the service having been quashed for the reason that the action was in effect one against the state, which must be brought in Thurston county, and that the superior court for King county had no jurisdiction to entertain the application for the writ. This court affirmed the action of the superior court for King county, and held that, for the reason that the relief sought affected the right of the state to collect certain revenue, the action was in effect against the state itself, although only certain of its officers were named as defendants therein.

In the case of *Corbett v. Civil Service Commission,* 33 Wash. 190, 73 Pac. 1116, it appeared that the chief of police of the city of Seattle had by order removed Officer Corbett from the police force, that Corbett had thereafter appealed to the civil service commission of the city from the order removing him from the force, and that after a hearing the commission had entered an order imposing upon him a lesser punishment than

dismissal, but subjecting him to suspension and reduction in rank. Corbett, feeling aggrieved by this order, brought the matter before the superior court by writ of review, and after a hearing the superior court set aside the order dismissing Corbett from the police force, and set aside the decision of the civil service commission, in so far as the same imposed discipline upon Corbett by reducing him in rank. From the judgment, the civil service commission of the city appealed to this court, whereupon Corbett moved to dismiss the appeal, upon the ground that no appeal bond had been filed. It does not appear that it was alleged that the civil service commission had acted arbitrarily or capriciously, or in any way abused their legal authority. Apparently it was contended merely that the commission had reached a wrong result in deciding a judicial matter. In the course of the opinion, this court said:

"The civil service commission is created by, and derives its authority from, the city charter. It is one of the departments of the city government, or, as found by the court below, it is 'one of the inferior tribunals or boards of the city.' Its members acted officially and judicially, and not individually, in considering the matter of respondent's appeal. They were officers of the city, and acted in its behalf, and they have appealed in their official capacity. If the city were the appellant, it would not be required to give an appeal bond. And we think the civil service commission represented the city to a sufficient extent at least to entitle it to the same immunity, under the doctrine announced in *Townsend Gas etc. Co. v. Hill*, 24 Wash. 469, 64 Pac. 778."

In the case of *Parish v. Collins*, 43 Wash. 392, 86 Pac. 557, which was an action in mandamus to compel the mayor and city council of the city of Kirkland to submit to the voters of the city the question of the

proposed disincorporation thereof, this court held that the action was in reality against the city itself, whose continued corporate existence depended upon the result of the proposed vote. The appeal being on behalf of the corporation, it was held that no appeal bond was required.

In the case of *State ex rel. Pierce County v. Superior Court,* 86 Wash. 685, 151 Pac. 108, upon an application to this court for a writ of prohibition directed to the superior court for Thurston county, this court granted the writ, holding that an action against certain state officers was, in fact, an action against the state, the cause of action concerning a highway contract in which the state was interested, and concerning also the funds of the state. In the course of the opinion, we said:

"The funds involved are the funds of the state. The officers sought to be enjoined have no interest in the funds. They are merely the agents of the state by and through whom the state acts. They are not charged with acting in excess of the authority conferred upon them by law, nor is it charged that the law under which they are acting is for any reason void. The charge is, on the contrary, that a contract in which the state has an interest, and which, if valid, makes a charge upon the state's funds, is void because of fraud in its inception. Clearly we think such a suit, even though brought against its officer, must in effect be a suit against the state."

In the case of *Weber v. School District,* 185 Wash. 697, 56 P. (2d) 707, it was held that an action against the members of the state tax commission was an action against the state, when the same concerned the state's title to money which had been deposited in the registry of the superior court.

Obviously, the state is not the real party in interest in every action or proceeding brought against certain of its officers. From the many cases recognizing this

principle, the following decisions of this court should be noted: *Kitsap County v. Carson,* 1 Wash. Terr. 419; *State ex rel. Smith v. Blumberg, supra; Stern v. State Board of Dental Examiners,* 50 Wash. 100, 96 Pac. 693; *State ex rel. Robinson v. Superior Court,* 182 Wash. 277, 46 P. (2d) 1046; *Public Utility District v. Girard,* 198 Wash. 149, 87 P. (2d) 287.

The supreme court of Florida, in the case of *Mc-Whorter v. Pensacola & Atl. R. Co.,* 24 Fla. 417, 5 So. 129, in considering the rule, said:

"It cannot be said, therefore, that the case under consideration is not a case against the State simply because the record does not bear her name, and, indeed, there has been no contention to that effect. So, the question is whether the case comes within any class in which a suit against officers is of such a character that a judgment or decree cannot be given in it without affecting some right or interest of the State, so that the effective operation of the judgment or decree is really against the State rather than the officers sued. In other words, would a decree against these commissioners be a decree against the State as the actual party?

"It is not enough that the State should have a mere interest in the vindication of her laws, or in their enforcement as affecting the public at large or as they affect the rights of individuals or corporations, but it must be an interest of value to herself as a distinct entity—of value in a material sense. She has an interest in the success of the policy of her laws, and in the just administration and execution of those laws, yet it is not an interest on which she can be said to be a party affected by any private suit arising under them, when it is not an otherwise and more direct interest inhering in some separate right or claim of right of her own."

The cases of *Missouri etc. R. Co. v. Missouri R. & Whse. Commissioners,* 183 U. S. 53, 22 S. Ct. 18, 46 L. Ed. 78; and *Western Union Tel. Co. v. Andrews,*

154 Fed. 95, are of interest in connection with this point, and the general rule is well stated in 59 C. J. 307, *supra.*

In the case of *State ex rel. Pate v. Johns, supra,* this court cited the· *McWhorter* case with approval, quoting from the opinion and referring to the same as stating the test for determining whether or not the state is, in fact, a party to a suit against its officers. According to the trend of authorities, including· our own decisions, it may be deemed the rule that the state, while not named as a party, may be considered a party to an action brought against its officers only when the action is of such a character that a judgment or decree cannot be rendered therein without affecting some right or interest in a material sense valuable to the state as an entity, so that the decree or judgment effectively operates against the state, rather than the officers sued.

In the case of *State ex rel. Robinson v. Superior Court, supra,* this court held that the state's interest in the policy of its laws is not such an interest as will, *per se,* make the state a party to an action brought by a private person against a state officer, in which the constitutionality of a state statute is challenged. In the case cited, an action was brought in King county against the director of the state department of agriculture and others, to restrain the director and the other officers from enforcing orders and marketing agreements promulgated pursuant to the agricultural adjustment act (chapter 12, Laws of 1933, Ex. Ses., p. 26), it being also asked that chapter 78, Laws of 1935, p. 170, concerning the same subject matter be declared unconstitutional. The defendant director applied to this court for a writ of prohibition to compel the superior court for King county to refrain from further proceedings in the action pending before that

court, the writ being asked for upon the ground that the suit was against the state and could be brought only in Thurston county. In the course of the opinion, we said:

"It is now settled beyond question that a suit against state officers in which an attack is made against the constitutionality of a state statute is not a suit against the state."

After a discussion of the case of *State ex rel. Pate v. Johns, supra*, we said:

"Here, while the state may, as a matter of policy, be concerned in the welfare of its producers, the act itself does not relate to anything which is the property of the state or to any right in which the state is concerned, . . . "

holding that the action was not one against the state, and could be waged before the superior court of a county other than Thurston.

■ If an action against a state official, brought for the purpose of restraining him from performing his duties as prescribed by a state statute, even though it be alleged that the statute is unconstitutional, is not an action against the state, it is difficult to understand how such a proceeding as this, where it is alleged, and the trial court held proven, that the officers' acts were without any statutory authority, can be held to be in effect an action against the state. Appellants were acting as a board of examiners under a state statute which directed the holding of examinations for the purpose of testing the qualifications of persons desiring licenses to practice medicine, surgery, and other healing arts. The broad policy underlying such a statute is that unlearned and unqualified persons shall not be licensed to practice healing arts for the benefit of the state and its inhabitants. At the same time, a coordinate part of this policy is that persons

who are possessed of the requisite knowledge, are qualified, and desire to practice, shall be licensed to do so. Beyond question, the principle prevails that all examinations shall be fairly given, that all persons taking the same shall be graded fairly and according to the same standard, and that no act shall be performed by the examiners which can justly be classified as unfair or discriminatory.

The state is not concerned in upholding before the courts the acts of the board of examiners, save in so far as their acts, consistent with their statutory authority, were fair, were based upon both information and learning, and were neither capricious nor discriminatory. Certainly the statute creating the board and authorizing the examination in basic science bore no closer relation to anything which is the property of the state or to any right in which the state is concerned than did the state agricultural adjustment acts, nor would it appear to make any difference, in considering the question here presented, whether the purpose of the proceeding be to enjoin action under an invalid statute, or, as in these cases, to review conduct on the part of state officials, which it is alleged was inconsistent with the duty imposed by a valid statute, and to affirmatively compel the performance of a lawful duty imposed by a valid statute.

The relators claim to have been injured in a personal right by the alleged failure of appellants, as state officers, to properly and legally, aided by scientific knowledge, and in the exercise of good faith, perform a duty positively enjoined upon appellants by statute. It is difficult to understand how it can be contended that the state has an interest in the litigation which could be affected by any judgment which might be rendered. If in any such case the superior court should conclude that the examiners had performed

their duty according to law, with ability and integrity, and without caprice or discrimination, the cause of action would fail, and neither the state nor the defendant officers would be injured or in any way affected by the proceeding. If, on the other hand, the court should find that the officers of the state neglected their duty, or by caprice or unjust discrimination failed to perform their duty, to the prejudice of the complainants, and the court corrects the wrong by requiring the officers to perform their lawful duty, the judgment entered is based upon the personal fault or wrongful act of the state officials.

In the case of *Strength v. Black,* 241 S. W. (Tex. Civ. App.) 281, the court of appeals of Texas considered a question somewhat similar to that now under discussion. It appeared that the defendants and appellants, who were the commissioners of their county, contended that in the action they were representing the county, and that the suit brought against them as county commissioners was in fact a suit against the county. A motion to dismiss the appeal for want of an appeal bond was sustained by the court. In the course of the opinion is found the following:

"This is a suit to restrain county officials from making, what is alleged to be, a wrongful and unlawful appropriation of the public money belonging to the county. The conduct complained of is alleged to be an illegitimate exercise of the discretionary power with which the county officials are invested, and this appeal to the courts is to compel them to do their lawful official duty to the county and its citizens. The fact that they are charged with undertaking to commit those wrongs by virtue of their official authority does not make the suit any the less a personal one against them."

The court of civil appeals of Texas, in the case of *Imperial Sugar Co. v. Cabell,* 179 S. W. (Tex. Civ.

App.) 83, had before it an action for trespass, brought against certain state officers for the purpose of trying the title to real estate. The defendants disclaimed any title or interest in the land as individuals, and pleaded title in the state, and that the action was in fact one against the state, which could not be maintained under the constitution and laws of Texas. The court held that the defense was unavailing, because the action was, in fact, not against the state, saying:

"There is a clear distinction between a suit against an officer for a wrong committed by him in the name of the state, and suits brought against an officer to prevent the exercise by the state through such officer of some act of sovereignty, or suits against an officer or agent of the state to enforce specific performance of a contract made for the state, or to enjoin the breach of such contract, or recover damages for such breach, or to cancel or nullify a contract made for the benefit of the state."

See, also, *Hamill v. Hawks*, 58 F. (2d) 41.

In the case at bar, respondents alleged that, in fact, they passed the examination and became lawfully entitled to certificates showing that they had passed, further alleging that the passing grades which they had earned, and to which their answers to the questions propounded to them in the course of the examination entitled them, were arbitrarily and capriciously withheld and refused by appellants. Under the facts pleaded, the superior court was not asked to review the exercise of any reasonable discretion on the part of appellants in conducting the examination and grading appellants' papers. The question was, rather, whether appellants, representing the state as examiners, under the statute above referred to, had, in grading respondents' papers, substituted arbitrary and capricious action for that sound discretion which under the law they were obligated to exercise. *State ex rel.*

*Reilly v. Civil Service Commission,* 8 Wn. (2d) 498, 112 P. (2d) 987. By respondents' allegations, appellants were charged with the neglect of statutory, official, ministerial duties, and the action was brought to correct the alleged wrong, not by way of recovery of damages, but by obtaining a writ directing the issuance of a proper certificate showing that respondents had passed the examination. Following the rule laid down in the case of *State ex rel. Smith v. Blumberg, supra,* and other cases above cited, we hold that the state is not a party to such proceedings as these.

The motions to dismiss the appeals are granted.

ROBINSON, C. J., MAIN, STEINERT, SIMPSON, JEFFERS, and DRIVER, JJ., concur.

MILLARD, J., concurs in the result.

BLAKE, J., dissents.

[1]Reported in 121 P. (2d) 960.