[No. 24144. Department One. November 30, 1932.]

SURETY FINANCE COMPANY OF ABERDEEN, *Appellant.* v. THEODORE PRINZ *et al., Respondents.*[1]

*John C. Graham,* for appellant.
*Clyde W. Linville, Jr.,* for respondents.

PER CURIAM.—This action was instituted by a payee to recover a balance claimed to be due on a promissory note. The trial of the cause to the court resulted in findings and judgment in favor of the defendants on their cross-complaint. The judgment was rendered February 4, 1932. On March 8, 1932, written notice of appeal from that judgment and a copy of supersedeas and appeal bond were served by plaintiff on counsel for defendants. The notice of appeal and the bond were filed in the office of the clerk of the superior court on March 18, 1932.

The appeal bond was not filed in the office of the clerk of the superior court within the statutory period after notice of appeal to this court was served, therefore the appeal is ineffectual for any purpose, under the statute which provides that

[1]Reported in 16 P. (2d) 613.

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond . . . be filed with the clerk of the superior court, . . .". Rem. Comp. Stat., § 1721.

The service of a copy of the bond on defendants' counsel at the same time that the notice of appeal was served was not a compliance with the statutory requirement that the bond "be filed with the clerk of the superior court" at or before the time the notice of appeal is served, or within five days thereafter.

The appeal is dismissed.