[No. 27402. Department Two. February 10, 1939.]

J. K. HART, *Appellant*, v. ETHEL CROWELL, *Respondent*.[1]

*A. E. Dailey*, for appellant.

*Ralph Woods*, for respondent.

BEALS, J.—Plaintiff instituted this action against defendant, seeking judgment upon three promissory notes, all dated July 26, 1935, payable ninety days after date, which notes plaintiff held by assignment. By her answer and cross-complaint, the defendant pleaded fraud in the procurement of the notes, and set up a collateral agreement between herself and the payee, which she alleged constituted a defense to the notes; defendant also alleging that plaintiff held the notes as trustee for the original payee, who was made an additional defendant to the action, and that plaintiff, at the time the notes were assigned to him, had knowledge of facts which advised him that defendant

[1]Reported in 87 P. (2d) 105.

was not liable upon the notes as upon negotiable instruments. The action was tried to a jury, which returned a verdict in favor of defendant Crowell, and from a judgment upon this verdict, dismissing the action, plaintiff has appealed.

Appellant moved for a new trial, and his motion was denied by written order prior to the entry of the judgment of dismissal.

The judgment bears date August 4, 1938, and was filed the same day in the office of the clerk. The notice of appeal bears date September 10, 1938, and was filed in the office of the clerk September 14th. There is in the transcript, following the notice of appeal, an affidavit of appellant's attorney, dated August 10th, stating that the affiant had "mailed the foregoing notice of appeal" to respondent's attorney. A cost bond on appeal, dated September 20, 1938, was approved by the clerk and filed September 22nd.

██ Respondent moves to dismiss the appeal, basing her motion upon the ground that the appeal was not taken within thirty days after the date of the entry of judgment, as required by Rule of Practice X(1), Rem. Rev. Stat., § 308-10 [P. C. § 8676-13] (now Rules of the Supreme Court V(1), 193 Wash. 4-a, in effect August 1, 1938), and upon the further ground that the cost bond on appeal was not filed with the clerk of the superior court within the time limited by law.

It appears from an affidavit of respondent's counsel that appellant's attorney was advised, by letter dated August 5, 1938, that the judgment in the action had been signed and entered on the preceding day. This showing is not controverted by appellant. The record does not disclose any attack on the judgment upon the ground that the same was entered improvidently. The judgment stands unimpeached.

In the case of *Sitko v. Rowe,* 195 Wash. 81, 79 P. (2d) 688, it was held that a written notice of appeal, given more than thirty days after the time for appeal began to run, was ineffective, and conferred no jurisdiction upon this court to entertain the attempted appeal.

The filing of a cost bond is provided for by Rem. Rev. Stat., § 1721 [P. C. § 7295], the pertinent portion of which reads as follows:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof."

In the case of *Surety Finance Co. v. Prinz,* 170 Wash. 379, 16 P. (2d) 613, it was held that the failure to file an appeal bond in the office of the clerk of the superior court within the statutory period after notice of appeal, rendered an attempted appeal ineffectual for any purpose.

As, in the case at bar, the appeal was not taken within thirty days after the time to appeal began to run, and as the bond on appeal was not filed for more than five days after the notice of appeal was given or served, the appeal must be dismissed, and it is accordingly so ordered.

BLAKE, C. J., MILLARD, GERAGHTY, and SIMPSON, JJ., concur.