[No. 28888. Department One. February 13, 1943.]

FANNIE J. ELMORE, *Appellant*, v. ALFRED ALEXANDER ELMORE, *Appellant*, IDA A. FLEISCHMANN BARTELS, *Respondent*.[1]

[1] Reported in 134 P. (2d) 466.

*J. A. Kavaney,* for appellant Fannie J. Elmore.

*Geo. G. Hannan,* for appellant Alfred Alexander Elmore.

*Weter, Roberts & Shefelman, Allen Spratlin,* and *Kenneth A. Cox,* for respondent.

MILLARD, J.—This is an action for divorce. In her complaint, plaintiff joined as a party defendant Ida A. Fleischmann Bartels and prayed for an equitable division of the property of a partnership alleged to exist between Mrs. Bartels and plaintiff's husband. Defendant husband answered, and, in turn, cross-complained against Mrs. Bartels for an accounting of all property belonging to the alleged partnership, and for the appointment of a receiver to effectuate that purpose. The cause was tried to the court which granted plaintiff an interlocutory decree of divorce and awarded her certain specified property, but dismissed her complaint and the cross-complaint of her husband as against Mrs. Bartels, except as otherwise expressly provided in the interlocutory order. Mr. and Mrs. Elmore have appealed.

The only question raised by their appeals for our consideration is whether the trial court erred in denying prayer of the Elmores for an accounting by Mrs. Bartels of property belonging to the alleged partnership. Any question respecting the divorce is no longer in issue.

The order from which the appeal is prosecuted was filed May 26, 1942. A written notice of appeal therefrom by each appellant was served on counsel for respondent June 25, 1942, and filed the same day. The appeal bond of each appellant was filed in the office of the clerk of the superior court July 1, 1942 (six days later), which was not within the statutory period after notice of appeal was served; therefore, the appeals are

564

ineffectual for any purpose, under the statute which provides that:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond . . . be filed with the clerk of the superior court, . . ." Rem. Rev. Stat., § 1721 [P. C. § 7295].

See *Hart v. Crowell*, 198 Wash. 77, 87 P. (2d) 105.

The appeal is dismissed.

SIMPSON, C. J., BEALS, BLAKE, and STEINERT, JJ., concur.

