[No. 29520. Department One. December 22, 1944.]

LES WARFIELD, *Respondent,* v. ALBERT M. THELEN *et al.,*
*Appellants.*[1]

*A. A. Seijas,* for appellants.

*Allen Orton,* for respondent.

JEFFERS, J.—This matter is before us on the motion of
Les Warfield, plaintiff below, respondent in this court, to
dismiss the appeal of Albert M. Thelen and wife, defendants
below, appellants here.

Respondent based his motion upon three grounds, but
confined his oral argument to the following grounds: (1)
That appellants failed to file with the clerk of the superior
court, within five days after the service of a notice of ap-
peal on the attorney for respondent, the original or a copy
of such notice of appeal, with proof of the written admis-
sion of service thereof; (2) that appellants failed to file an
appeal bond with the clerk of the superior court within five
days after service of such notice of appeal.

The record in this case shows that the judgment from
which the appeal was taken was a final judgment, and was
signed by the court on September 2, 1944, but not filed with
the clerk until September 28, 1944.

Appellants' notice of appeal was served on the attorney
for respondent on October 18, 1944, as appears from the
acceptance of service by such attorney on the notice of ap-

[1]Reported in 154 P. (2d) 305.

peal filed herein. A supersedeas and cost bond was filed in the office of the clerk of the superior court on October 31, 1944, or thirteen days after the service of such notice of appeal. No notice of appeal was given or served, or bond filed other than as above indicated.

Rem. Rev. Stat., § 1718 [P. C. § 7292], provides: "In civil actions and proceedings an appeal from any final judgment must be taken within ninety days after the date of the entry of such final judgment."

By subsection (1), Rule 5, Rules of Court, 18 Wn. (2d) 4-a, effective March 2, 1944, the time within which an appeal can be taken from a final judgment was shortened to thirty days. It is apparent then that the notice of appeal in this case was served within thirty days after the entry of final judgment.

The service of a notice of appeal within the time prescribed, is a jurisdictional step. The service of the notice of appeal having been made within the time prescribed, the first question here presented is whether or not the *filing* of such notice, with proof of the written admission of service thereof with the clerk of the superior court, is also a jurisdictional step that must be followed to make the notice of appeal effective.

Rem. Rev. Stat., § 1719 [P. C. § 7293], in so far as applicable, provides:

"If the appeal be not taken at the time when the judgment or order appealed from is rendered or made, then the party desiring to appeal may, by himself or his attorney, within the time prescribed in section 1718, serve written notice on the prevailing party or his attorney that he appeals from such judgment or order to the supreme court, and *within five days after the service of such notice he shall file with the clerk of the superior court the original or a copy of such notice, with proof or the written admission of the service thereof*, and thereupon the clerk shall enter such notice, with the proof or admission of service thereof, in the journal of the court. The giving or service of a notice of appeal as prescribed in this section shall effect the appeal, but the same shall become ineffectual if an appeal bond for costs and damages be not given as required by section 1721 of this title." (Italics ours.)

We think it might be argued with considerable force that, when a notice of appeal is served on the prevailing party or his attorney, the filing of the original or a copy of such notice with proof of the written admission of service thereof with the clerk of the superior court, is also a jurisdictional step. However, this point was not stressed in oral argument, nor was any authority cited other than the statute to sustain respondent's contention, and we therefore prefer to and do base our decision herein upon Rem. Rev. Stat., § 1721 [P. C. § 7295], and our decisions interpreting that statute.

■ Rem. Rev. Stat., § 1721, provides:

"An appeal in a civil action or proceeding *shall become ineffectual for any purpose* unless at or before the time when the notice of appeal is *given or served, or within five days thereafter,* an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, *be filed with the clerk of the superior court,* or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof." (Italics ours.)

Appellants have filed no brief in opposition to the motion to dismiss, but their counsel appeared and made an oral argument.

We are of the opinion that, under the statute last above set out, the notice of appeal in this case, which was served upon the attorney for respondent on October 18, 1944, became ineffectual for any purpose, because of the failure of appellants to file an appeal bond with the clerk of the superior court within five days after such service. In other words the filing of an appeal bond at or before the time when notice of appeal is given or received, or within five days thereafter, is a jurisdictional step that must be complied with to make a notice of appeal effectual.

We desire to call attention to the case of *Surety Finance Co. v. Prinz,* 170 Wash. 379, 16 P. (2d) 613, and particularly to the following language found in the opinion:

"The appeal bond was not filed in the office of the clerk of the superior court within the statutory period after notice of appeal to this court was *served,* therefore the appeal is ineffectual for any purpose, under the statute which provides that

" 'An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond . . . be filed with the clerk of the superior court, . . .' Rem. Comp. Stat., § 1721." (Italics ours.)

The section last quoted is identically the same as Rem. Rev. Stat., § 1721. See, also, *Hart v. Crowell,* 198 Wash. 77, 87 P. (2d) 105, and *Elmore v. Elmore,* 16 Wn. (2d) 562, 134 P. (2d) 466.

For the reason herein assigned, this appeal must be and is hereby dismissed.

SIMPSON, C. J., STEINERT, BLAKE, and GRADY, JJ., concur.