[No. 29584. Department One. June 19, 1945.]

*In the Matter of the Application for a Writ of Habeas Corpus of* H. G. LUDWICK, *Appellant,* v. BERT O. WEBB, *as Superintendent of the State Penitentiary, Respondent.*[1]

[1]Reported in 160 P. (2d) 504.

H. G. *Ludwick, pro se.*

The *Attorney General, Rudolph Naccarato, Assistant,* and *Edward G. Cross,* for respondent.

GRADY, J.—In this proceeding, H. G. Ludwick made application to this court for a writ of *habeas corpus,* the basis of which was that on December 1, 1933, he was adjudged guilty of murder in the second degree by the superior court of Washington for Adams county without having been accorded a trial by jury. By an order of this court, the petition for a writ of *habeas corpus* was referred to the superior court of Washington for Spokane county for a hearing thereon. The superintendent of Washington state penitentiary, at which institution the petitioner was confined, filed an answer to the petition, and upon a hearing before the superior court it was denied. The petitioner has taken an appeal from the order dismissing his petition.

The record shows that on December 1, 1933, the appellant was in custody under a charge of murder in the second degree, to which charge he entered a plea of guilty and thereupon was adjudged to be guilty thereof and was sentenced to confinement to the state penitentiary for a maximum and minimum term fixed by the court. No jury was impaneled to determine the degree of murder of which he was guilty. It is the contention of the appellant that the judgment and sentence was illegal and void because Rem. Rev. Stat., § 2116 [P.P.C. § 121-35], was not applied to his case. This statute is as follows:

"If, on the arraignment of any person, he shall plead guilty, if the offense charged be not murder, the court shall, in its discretion, hear testimony, and determine the amount and kind of punishment to be inflicted; but if the defendant plead guilty to a charge of murder, a jury shall be impaneled to hear testimony, and determine the degree of murder and the punishment therefor."

The respondent has filed a motion to dismiss the appeal upon the grounds that, if this be deemed a civil proceeding, the court has not acquired jurisdiction because the appellant has not filed an appeal bond as required by statute, and, if it be treated as a criminal proceeding, the notice of appeal was not given or filed within the time prescribed by the rules of court. The record shows that the order denying the petition for a writ of *habeas corpus* was entered on December 18, 1944, that a written notice of appeal was filed in the office of the clerk of the superior court on January 2, 1945, and that up to April 20, 1945, no appeal bond had been filed.

■ The question as to whether a *habeas corpus* proceeding is civil or criminal has been before the courts in many cases and usually arises when the right to tax costs, or the right of appeal, is being contested. In the cases considered, costs might be taxable or a party have a right of appeal if the proceeding was civil, but would not if it was criminal. The prevailing view is that *habeas corpus* is in its nature a civil rather than a criminal proceeding, even though sought by or in behalf of one who has been convicted of a crime. 25 Am. Jur. 151, Habeas Corpus, § 12; 39 C. J. S. 426, Habeas Corpus. A leading case on this subject is *Ex parte Tom Tong*, 108 U. S. 556, 27 L. Ed. 826, 2 S. Ct. 871. In that case, the court said:

"The writ of habeas corpus is the remedy which the law gives for the enforcement of a civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process."

We approve the rule and the reasons therefor as above set forth and hold that this proceeding is civil in its nature.

■ Sections 1719 and 1721, Rem. Rev. Stat., and Rule 5 (5) of the supreme court (18 Wn. (2d) 5-a), provide that an appeal in a civil action or proceeding shall become ineffectual for any purpose unless within prescribed times an appeal bond is filed with the clerk of the superior court, or money be deposited with the clerk in lieu thereof. The filing of an appeal bond or making a money deposit is a jurisdictional step to be taken in order to perfect an appeal to this court. *Hart v. Crowell,* 198 Wash. 77, 87 P. (2d) 105; *Public Utility Dist. No. 1 of Wahkiakum County v. Girard,* 198 Wash. 149, 87 P. (2d) 287; *Evans v. Swisher,* 12 Wn. (2d) 535, 122 P. (2d) 503; *Elmore v. Elmore,* 16 Wn. (2d) 562, 134 P. (2d) 466.

The appellant having failed to file an appeal bond or make a deposit of money in lieu thereof, the appeal must be dismissed. It is so ordered.

BEALS, C. J., JEFFERS, STEINERT, and SIMPSON, JJ., concur.

———

July 21, 1945. Petition for rehearing denied.