[No. 29592. Department Two. July 31, 1945.]

DONALD NORRIS, *Appellant*, v. BERT O. WEBB, *as Superintendent of the State Penitentiary et al., Respondents.*[1]

*Donald Norris, pro se.*

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

PER CURIAM.—The petitioner herein, Donald Norris, was by information filed before the superior court for Franklin county charged with the crime of assault in the second degree, and after a trial was convicted and by judgment entered sentenced to confinement in the state penitentiary for a term of ten years. Thereafter, Norris filed in this court his petition for a writ of *habeas corpus* directed to Bert O. Webb, superintendent of the Washington State Penitentiary, and A. M. Murfin, Clair Ward, and Frank W. Hagerty, members of the the Washington state board of prison terms and paroles. His petition having been docketed as file No. 29537, this court, December 11, 1944, entered an order to show cause requiring the respondents above named to appear before the superior court of the state of Washington for Thurston county January 15, 1945, and show cause, "if any there be," why the petition should not be granted, or why the writ should not issue. Thereafter the matter came on regularly to be heard before the superior court above referred to, and after hearing the court, January 15, 1945, entered its order denying the petition, from which order the petitioner, Donald Norris, gave notice of appeal to this court.

Thereafter the appeal was regularly filed herein and assigned docket No. 29592, whereupon the respondents herein by counsel moved to dismiss the appeal for the reason that appellant had filed no cost bond in connection with his appeal. The cause was regularly assigned for hearing before this court on June 12, 1945, and having on that day been submitted to the court upon the merits and upon respondents' motion to dismiss the appeal, the court took the matter under advisement.

This court, in *In re Ludwick v. Webb,* by its opinion filed June 19, 1945, *ante* p. 115, 160 P. (2d) 504, upon an exactly similar state of facts held that the filing of a bond on the part of appellant on appeal to this court from such an order as that now before us is necessary to render the appeal effectual.

No bond having been filed by appellant herein either within the time provided by law and rules of this court after the giving of the notice of appeal or at all, it is ordered that the appeal herein be and the same is hereby dismissed.

[1]Reported in 160 P. (2d) 1021.