[No. 31158. June 1, 1950.]

Multiphone Company, Inc., *Appellant*, v. The City of Bremerton, *Respondent*.[1]

*Marion Garland, William R. Garland,* and *Frank Hunter* (*Frederick B. Cohen* and *John E. Bowen,* of counsel), for appellant.

*Bryan & Merkel* and *Oluf Johnsen,* for respondent.

Per Curiam.—This action was brought to recover damages from the city of Bremerton, alleged to have been sustained by the plaintiff on account of the bursting of a water main in Burwell street. The plaintiff's claim, which was filed with the city (a copy being attached to the complaint) set forth certain items of personal property which were said to have been damaged as a result of the breaking of that water main in the total amount of $10,353.

The city answered the complaint, admitting the breaking of the main but denying negligence on its part in connection therewith. A trial before the court sitting with a jury resulted in a verdict in favor of the city and a judgment dismissing the action. The plaintiff appealed.

Examination of the record discloses that the notice of appeal was served on the attorneys for the defendant city on May 12, 1949, and that bond for costs on appeal was filed with the clerk of the superior court on May 18, 1949.

Subdivision (4) of Rule 5, Rules of the Supreme Court,

[1] Reported in 219 P. (2d) 91.

18 Wn. (2d) 5-a, effective March 2, 1944, contains the following provision:

"No appeal or cross-appeal shall become effectual if an appeal bond for costs and damages be not given as required by Rem. Rev. Stat., § 1721 [P.C. § 7295]."

The statutory provision referred to therein, Rem. Rev. Stat., § 1721 [P.P.C. § 5-15], provides:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. . . ."

It is to be noted that six days elapsed between the date of serving the notice of appeal upon defendant's counsel and the date of filing plaintiff's appeal bond with the clerk of the superior court.

In the case of *Warfield v. Thelen*, 22 Wn. (2d) 100, 154 P. (2d) 305, this court dismissed the appeal for failure to file an appeal bond within five days after such service. In dismissing the appeal, it was there said:

"We are of the opinion that, under the statute last above set out, the notice of appeal in this case, which was served upon the attorney for respondent on October 18, 1944, became ineffectual for any purpose, because of the failure of appellants to file an appeal bond with the clerk of the superior court within five days after such service. In other words, the filing of an appeal bond at or before the time when notice of appeal is given or received or within five days thereafter, is a jurisdictional step that must be complied with to make a notice of appeal effectual."

Other decisions dismissing appeals under the same or similar circumstances are *Surety Finance Co. v. Prinz*, 170 Wash. 379, 16 P. (2d) 613; *Hart v. Crowell*, 198 Wash. 77, 87 P. (2d) 105; *Public Utility Dist. No. 1 v. Girard*, 198 Wash. 149, 87 P. (2d) 287; and *Elmore v. Elmore*, 16 Wn. (2d) 562, 134 P. (2d) 466.

Since the filing of the bond on appeal within the time specified in Rem. Rev. Stat., § 1721, was a jurisdictional step, the appeal in this case has become ineffectual for any purpose and is accordingly dismissed.

It is so ordered.